Seth R. Lesser (SR 5560)
Andrew P. Bell (AB 1309)
LOCKS LAW FIRM PLLC
110 East 55th Street
New York, New York 10022
(212) 838-3333
www.lockslaw.com

Jeffrey A. Klafter (JK 0953)
KLAFTER & OLSEN LLP
1311 Marmaroneck Avenue
Suite 220
White Plains, New York 10605
(914) 997-5656

**JUDGE BRIEANT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 6815**

Brian Fielman, on behalf of herself and all
others similarly situated,

        Plaintiff,

       v.

PEPSICO, INC., THE PEPSI BOTTLING
GROUP, INC., and PEPSI BOTTLING
VENTURES LLC,

        Defendants.

Civil Case No.:

**CLASS ACTION COMPLAINT AND
JURY DEMAND FOR TRIAL**

    Plaintiff BRIAN FIELMAN, by and through his undersigned counsel, for himself and all

others similarly situated, hereby brings this Class action Complaint against Defendants PEPSICO

INC., THE PEPSI BOTTLING GROUP, INC. AND PEPSI BOTTLING VENTURES LLC

("Defendants"). Plaintiff makes the following allegations based upon his personal knowledge as

to his own acts, and upon information and belief as well as upon his attorneys' investigative

efforts as to Defendants' actions and misconduct as alleged herein:

## Nature of The Action

1.      In this class action lawsuit, Plaintiff seeks to obtain damages and/or compensatory restitution for Defendants' wrongful and illegal sales and marketing of *Aquafina* bottled water ("*Aquafina*"), in that Defendants advertising, marketing and/or labeling of *Aquafina* failed to inform consumers that the source of the water was public tap water, not water from an inherently cleaner source, such as a mountain as implied in the logo on the *Aquafina* label.  Whether through intentional, reckless, or negligent action, Defendants marketed and sold *Aquafina* notwithstanding the fact that its content was undisclosed, mislabel, misleading.  As a result, consumers like Plaintiff herein purchased *Aquafina* not knowing the water's true source and accordingly have suffered harms sounding in their claims set forth below for (a) violations of Uniform Deceptive Acts and Practices statutes (sometimes also referred to as "Consumer Protection Statutes"); (b) breach of the implied warranty of merchantability; and (c) unjust enrichment.

2.      Plaintiff further seeks declaratory and injunctive relief to prevent a reoccurrence of such wrongful activity by Defendants.

## Parties

3.      Plaintiff Brian Fielman resides in Valley Stream, New York and is a citizen of the State of New York.

4.      Defendant PepsiCo, Inc. ("Pepsi") is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York.

2

5.      Defendant The Pepsi Bottling Group, Inc. ("PBG") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Somers, New York.

6.      Defendant Pepsi Bottling Ventures LLC ("PBV") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

7.      PBG and PBV (hereinafter collectively "Pepsi Bottlers") are bottling companies affiliated with Pepsi, are two of Pepsi's "anchor bottlers" of *Aquafina* and other Pepsi products, and are primarily responsible for manufacturing, selling and distributing *Aquafina* in New York and throughout the United States.

8.      With respect to the conduct alleged herein, the acts and alleged wrongdoing of Defendants Pepsi and the Pepsi Bottlers may be imputed to each other inasmuch as they acted as the agents, alter-egos or co-conspirators of each other.

## Jurisdiction and Venue

9.      This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2) inasmuch as the Defendants are citizens of the States of New York, North Carolina and Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs.

10.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

3

11.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## Factual Allegations of the Plaintiff

12.    On many occasions and for at least two to three years, Brian Fielman purchased *Aquafina* by the case and individual bottles as stores in his neighborhood, including but not limited to, Key Foods and King Kullen.

13.    Mr. Fielman believed, based upon Defendants' labeling of *Aquafina*, that the water used in it must have come from a cleaner, safer and special source.

14.    Mr. Fielman bought *Aquafina* in part because he believed that the water source it was from was cleaner, safer and special because the label indicated that it was "pure water".

15.    On or about July 28 or 29, 2007, Mr. Fielman discovered that the water in *Aquafina* came from general tap water, and was not from a water source that was any cleaner, safer or special.

16.    As a result of this discovery, Mr, Fielman believed he had been misled by Defendants into purchasing *Aquafina* and was angry and shocked.

## Class Action Allegations

17.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and a class (the "Class") consisting of all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present (the "Class Period").  Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors.  Plaintiff

reserves the right to amend the class definition, including the Class's possible division into subclasses, in order to obtain substantial justice for the wrongdoing asserted herein.

18.    The Class consists of hundreds of thousands if not millions of individuals, not only within the State of New York, but also the other states in the United States. Millions of bottles of *Aquafina* were sold during the Class Period. Numerosity is therefore satisfied.

19.    Plaintiff's claims involve questions of law and fact common to the Class, because Plaintiff and other members of the Class were similarly affected by Defendants' unlawful and wrongful conduct that is complained of herein.

20.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in class and consumer litigation and, in particular, this area of law, and Plaintiff has no conflict of interest with other Class members in the maintenance of this class action. Plaintiff has no relationship with Defendants except as customers. Plaintiff will vigorously pursue the claims of the Class.

21.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a.    Whether the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

b.    Whether Defendants withheld information from and/or omitted to inform consumers on *Aquafina* labels that the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

5

c.      Whether Defendants' withholding of information and/or failure to inform consumers as to the true source of the water marketed and sold as *Aquafina* resulted from negligent, reckless or intentional behavior;

d.      Whether Defendants' affirmatively promoted the water marketed and sold as *Aquafina* as being better fit for human consumption because of the "perfect" or more "pure" nature of the water's source;

e.      Whether Defendants' conduct respecting *Aquafina* violated New York GBL § 349, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in the various States;

f.      Whether Defendants' conduct breached the implied warranty of merchantability; and

g.      Whether Defendants' omissions in the labeling of *Aquafina* so as to conceal the true nature of the source of the water marketed and sold under the brand name *Aquafina* caused Defendants to be unjustly enriched when the totality of the circumstances are considered.

22.     A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

a.      Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous economies to both the courts and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

6

b.      Class members' individual damage claims are too small to make

individual litigation an economically viable alternative;

c.      Despite the relatively small size of individual Class members' claims, their

aggregate volume, coupled with the economies of scale inherent in litigating similar

claims on a common basis, will enable this case to be litigated as a class action on a

cost-effective basis, especially when compared with repetitive individual litigation; and

d.      No unusual difficulties are likely to be encountered in the management of

this class action in that all questions of law and/or fact to be litigated at the liability stage

are common to the Class.

23.      Class certification is fair and efficient as well because prosecution of separate

actions would create a risk of inconsistent or varying adjudications with respect to individual

members of the Class which, as a practical matter, may be dispositive of the interests of other

members not parties to the adjudication or substantially impair or impede their ability to protect

their interests.

24.      Plaintiff anticipates that there will be no difficulty in the management of this

litigation, and means exist to address issues of damages as have been utilized in other class

actions, including aggregate damages, claims processes and/or determination of restitutionary

amounts.

**Factual Background**

25.      The bottled water industry in the United States reportedly accounts for revenues of

approximately fifteen billion dollars annually.  It is a highly competitive industry where beverage

7

companies are continuously trying to market their water as cleaner, safer and/or healthier than rivals' water.

26.     *Aquafina* was first introduced in 1994 and gained national distribution with Pepsi in 1997.

27.     *Aquafina* is currently the United States' best selling brand of bottled water based on sales volume, and Defendants received revenues in 2006 of approximately $2.17 billion on sales of *Aquafina*.

28.     Since its introduction, the water used in *Aquafina* is sourced from public drinking supplies, commonly known or referred to as "tap water".

29.     Defendants' labels on *Aquafina* currently state: "Bottled at the source P.W.S.".

30.     *Aquafina* labels do not indicate, state or imply the meaning of "P.W.S.", although the abbreviation actually stands for "Public Water Systems" or some similar phrase.

31.     Defendants' "blue mountain labels" on *Aquafina* contain a logo of a sun rising or setting over a mountain range and contains the slogan "Pure Water Perfect Taste".

32.     Defendants' blue mountain labels, therefore, implying that the origin of the water in *Aquafina* bottles is from a mountain source and/or a source more pure than either tap water or rivals' water and that *Aquafina*.

33.     Defendants' website fails to inform consumers that the true nature of the source of the water marketed and sold as *Aquafina* is tap water.

34.     Defendants negligently, recklessly and/or intentionally misled consumers into believing that *Aquafina* was similar to, as good as and/or better than other rivals' water based upon, in part, the source of the water used in *Aquafina*.

8

35.    Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such information would be considered important to consumers when they made decisions of whether to purchase Defendants' *Aquafina* water.

36.    Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such disclosure would be detrimental to the sales of Defendants' *Aquafina* water.

37.    On or about July 27, 2007, Defendants agreed to relabel *Aquafina* in order to include information that the source of the water was tap water.

38.    On or about July 27, 2007, Defendant Pepsi admitted that the prior labeling of *Aquafina* was misleading to reasonable consumers when Pepsi, referring to the re-labeling of *Aquafina*, released a statement saying: "If this helps clarify the fact that the water originates from public sources, then it's a reasonable thing to do."

## FIRST CAUSE OF ACTION
## FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW
### (By Plaintiff on him own behalf and on behalf of the Class)

39.    Plaintiff hereby incorporates by reference paragraphs 1-38 as if fully set forth herein.

40.    Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of *Aquafina*.

41.    Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiff and members of the Class would not have purchased and/or paid the same

amount for *Aquafina,* and they have therefore proximately suffered injury in fact and ascertainable losses.

42.    Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers, including the failure to inform consumers of the true source of the water used in *Aquafina* and the mislabeling of the same, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes.

43.    Defendants engaged in their wrongful conduct while at the same time obtaining sums of money from Plaintiff and Class members for *Aquafina.*

44.    Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes, including, but not limited to N.Y. Gen. Bus. Law §§ 349 *et seq.,* as well as substantially similar statutes in effect in the other States.

45.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment that declaring that Defendants' actions have been in violation of their statutory duties, that provides injunctive relief in order to ensure continued wrongful and similar acts do not occur hereafter, and that provides compensatory damages, treble damages, attorneys' fees, and/or costs of suit.

## SECOND CAUSE OF ACTION
## FOR BREACH OF IMPLIED WARRANTY
### (By Plaintiff on him own behalf and on behalf of the Class)

46.    Plaintiff hereby incorporates by reference paragraphs 1-45 as if fully set forth herein.

47.    Defendants impliedly warranted that *Aquafina*, a mass consumer item which Defendants manufactured, bottled, promoted, distributed and sold to the market for bottled water to Plaintiff, was merchantable.

48.    *Aquafina* was not merchantable within the meaning of the law inasmuch as, by virtue of the labeling when purchased by Plaintiff and the Class, it (a) could not pass without objection in the trade under its description; (b) it was not adequately contained, packaged and labeled as part of the transaction; and/or (c) it did not conform to the promises and affirmations of fact made on the package and label for the game.  Therefore, Defendants breached the implied warranties of merchantability when *Aquafina* was labeled, distributed, and sold to Plaintiff and similarly situated persons.

49.    Any disclaimers of implied warranties are ineffectual as they were not provided to Plaintiff or otherwise made known to Plaintiff, who were not informed of the material non-compliance of the goods to the represented labeling.  In addition, any such disclaimers are unconscionable under the circumstances.

50.    As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff has sustained economic losses and other damages for which he is entitled to compensatory and/or equitable damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### FOR UNJUST ENRICHMENT
### (By Plaintiff on him own behalf and on behalf of the Class)

51.    Plaintiff hereby incorporates by reference paragraphs 1-50 as if fully set forth herein.

52.    Defendants obtained monies from the manufacture, labeling, distribution, marketing and/or sale of *Aquafina*, water that was, as they knew or reasonably should have known was mislabeled because the label omitted that the source of the water was tap water and contained images and/or words that implied that the source of the water was more pure and/or better than tap water and/or the bottled water of Defendants' rivals.  When considered under the totality of the circumstances regarding Defendants' knowledge regarding *Aquafina*, Defendants have been unjustly enriched to the detriment of Plaintiff and the other members of the Class, as alleged above, by retention of consumer's purchase monies received directly or indirectly.  These unjust benefits were conferred on Defendants by consumers as a direct result of the omissions and mislabeling made by Defendants.

76.    Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

77.    Defendants should be required to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched.

12

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

1.     For an Order certifying the Class and any appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiff and his counsel to represent such Classes and subclasses as appropriate under Rule 23(g);

2.     For the declaratory and equitable relief requested;

3.     For compensatory, equitable and/or restitutionary damages according to proof and for all applicable statutory damages under New York GBL § 349 *et seq.* and under the consumer protection legislation of the other states and the District of Columbia;

4.     For an award of attorneys' fees and costs;

5.     For prejudgment interest and the costs of suit;

6.     For such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Date:   July 30, 2007

Seth R. Lesser (SR 5560)
Andrew P. Bell (AB 1309)
LOCKS LAW FIRM PLLC
110 East 55th Street
New York, New York 10022
(212) 838-3333
www.lockslaw.com

Jeffrey A. Klafter (JK 0953)
KLAFTER & OLSEN LLP
1311 Marmaroneck Avenue
Suite 220
White Plains, New York 10605
(914) 997-5656

Attorneys for Plaintiff

14