BEFORE THE JUDICIAL PANEL
OF MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE PEPSICO, INC. AND THE COCA COLA COMPANY, INC. CONSUMER CLASS ACTION LITIGATION | MDL Docket No. _____ |

## DECLARATION OF LOUIS M. SOLOMON

LOUIS M. SOLOMON declares as follows:

1. I am a member of Proskauer Rose LLP, counsel for PepsiCo, Inc. ("**PepsiCo**") and The Pepsi Bottling Group, Inc. ("**PBG**") in the above-captioned matter ("**PepsiCo** and **PBG**, collectively, the "**Movants**"). I make this declaration in support of Movants' motion, pursuant to 28 U.S.C. § 1407, for an Order consolidating for pretrial purposes in the Southern District of New York before Hon. Charles L. Brieant multiple consumer class action lawsuits that have been filed against Movants, Pepsi Bottling Ventures LLC ("**PBV**"), and in some cases The Coca-Cola Company, Inc. ("**Coca-Cola**") (collectively, the "**Defendants**").

2. Movants are aware of four putative class action lawsuits pending in several different federal district courts across the county, all making substantially identical allegations of consumer fraud against Defendants. All of the putative class actions that have been filed concern the allegedly misleading nature of PepsiCo's labeling and/or advertising for its bottled water *Aquafina*. Several of the class actions seek to certify a nationwide class of individuals that purchased *Aquafina*. Another nationwide class action is pending against PepsiCo and Coca-Cola regarding their respective bottled water products, *Aquafina* and *Dasani*. The fourth putative

class action is a statewide class action in Tennessee against PepsiCo and Coca-Cola, also relating to *Aquafina* and *Dasani*. The cases are:[1]

- New York *Fielman* Class Action. This putative nationwide consumer class action was filed on July 30, 2007, against PepsiCo, PBG and PBV in the **Southern District of New York (White Plains Division)**, and is captioned *Brian Fielman, individually and on behalf of all others similarly situated v. PepsiCo, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC,* 07 civ. 6815 (CLB) (S.D.N.Y.) (the "***Fielman* Class Action**" or "***Fielman* Class Complaint**"). True and correct copies of the *Fielman* complaint and the corresponding docket report are annexed hereto as Exhibit A.

- New York *Collado* Class Action. Filed on July 31, 2007, in the **Southern District of New York (Foley Square, Manhattan)**, this putative nationwide consumer class action was brought against PepsiCo and PBV, and is captioned *Carmen Collado, on behalf of herself and all others similarly situated v. PepsiCo, Inc. and Pepsi Bottling Ventures, LLC,* 07 civ. 6874 (GBD) (S.D.N.Y.) (the "***Collado* Class Action**" or "***Collado* Class Complaint**"). True and correct copies of the *Collado* complaint and the corresponding docket report are annexed hereto as Exhibit B. The parties requested that this case be reassigned to Judge Brieant in White Plains, and treated as a related case to the *Fielman* Class Action. A true and correct copy of the request to transfer is annexed hereto as Exhibit C. The Notice of Reassignment of the *Collado* Class Action, effecting that transfer, is dated September 19, 2007, a true and correct copy of which is annexed hereto as Exhibit D.

- Tennessee Class Action. A putative statewide class action was filed in Tennessee state court. That action was removed timely to federal court, and on August 10, 2007, the First Amended Complaint in the putative statewide class action was filed in the **Western District of Tennessee** against PepsiCo and Coke. That action is captioned *Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter, Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine, Vinh Le, Terry Mansker, and Michael Aldridge, on behalf of themselves and all other similarly situated v. PepsiCo, Inc. and The Coca Cola Company, Inc.*, 07 cv 02514 (DKV) (W.D. Tenn.) (the "**Tennessee Class Action**" or "**Tennessee Class Complaint**"). True and correct copies of the first amended complaint and the corresponding docket report are annexed hereto as Exhibit E.

- Texas Class Action. The third putative nationwide consumer class action was filed on August 2, 2007, in the District Court, 157 Judicial District of Harris County, Texas and was removed timely to the **Southern District of Texas**. That case is captioned *Christina Villa, Regina Kelly, Wanda R. Banks, Richard Banks,*

---

[1] Collectively, these class actions are referred to herein as the "**Actions**".

10036546

>*Kathy Jones Banks, Emma Williams, Samantha Townsend, Lawanda Holts, Mary Brewster, Rosalind Basile, Johnnie Mae Byrd, Carolyn Hayes, Linda Walker, Dasha Alexander v. PepsiCo., Inc. and The Coca Cola Company Inc.,* No. 07-cv-3060 (DH) (S.D. Tex.) (the "**Texas Class Action**" or "**Texas Class Complaint**"). A true and correct copy of the complaint is annexed hereto as Exhibit F, and true and correct copies of the Notice of Removal, Supplemental Notice of Removal, and the corresponding docket report are annexed hereto as Exhibit G.

3. Movants believe there is a strong likelihood that additional cases will be filed in the coming months. Movants already have received notification of one such action. On August 29, 2007, Movants received notice under the California Legal Remedies Act from counsel for Amanda Litschke and all consumers similarly situated threatening a putative class action in California. A true and correct copy of the notice is annexed hereto as Exhibit H.

4. There is substantial overlap among the Actions, including overlap of defendants, factual allegations, claims, and legal theories.

5. <u>First</u>, each of the Actions names PepsiCo as a defendant, and the two New York class actions also name PBV as a defendant.

6. <u>Second</u>, each of the Actions depends on the same core set of operative factual allegations concerning the marketing, labeling, and sale of *Aquafina* (PepsiCo) bottled water in the United States. The Actions and the threatened tag-along action all allege that PepsiCo intentionally failed to inform consumers that the source of the water used to bottle *Aquafina* was community water or public tap water, not water from another source. *See* Ex. A, ¶ 18; Ex. B, ¶ 1; Ex. E, ¶ 1 ; Ex. F, ¶ 23; Ex. H, p.2 ¶ 1.

7. All of the Actions allege that the *Aquafina* label is misleading consumers by its wording and/or graphics. *See*. Ex. A, ¶¶ 1, 13, 29-32;. Ex. B, ¶¶ 18-24; Ex. E, ¶ 1; Ex. F, ¶ 23.

8. Several of the Actions also identify the PepsiCo website as providing misleading information. *See* Ex. A, ¶ 33; Ex. E, ¶ 23; Ex. F, ¶ 1.

10036546

9. Likewise, the Tennessee and Texas Class Actions allege that Coca-Cola similarly misled consumers as to the source of the water used in its *Dasani* bottled water. *See* Ex. E, ¶ 1; Ex. F, ¶ 23.

10. <u>Third</u>, each of the Actions asserts essentially the same claims for legal relief. The two New York class action complaints plead almost identical claims of unfair and deceptive trade practices under New York state law and under the law of every other state, as well as breach of implied warranty of merchantability, and unjust enrichment, *see* Ex. A, ¶¶ 39-77; Ex. B, ¶¶ 25-40, while the complaints in Tennessee (under Tennessee law) and Texas (purportedly under the law of every state) plead claims for unfair and deceptive acts and practices, common law fraud, and fraudulent and/or negligent misrepresentation. *See* Ex. E, ¶¶ 36-60; Ex. F, ¶¶ 24-30.

11. Because of the substantial overlap among the Actions, the costs attendant to depositions, the production and transfer of voluminous documents, and discovery motion practice will be significantly reduced if the Actions are consolidated for pre-trial proceedings. Fact, expert, and third-party witnesses obviously will be very much less inconvenienced by consolidation.

12. The Southern District of New York is the most appropriate forum for consolidation of the related actions for several reasons. For one thing, the Southern District is the most appropriate forum because two of the three putative nationwide class actions already are pending in that court. The *Fielman* Class Action, pending before Judge Brieant in the Southern District of New York (White Plains Division), is the first-filed putative nationwide class action, and is one of only two actions already being actively litigated, with defendants' motion to

4

dismiss already made and briefing due to be completed November 9, 2007. *See* Ex. A, Docket Entries # 14-15.

13. Furthermore, the *Collado* Class Action, which was originally pending before Judge Daniels in the Southern District of New York (in the Foley Square Courthouse in Manhattan), has, with the agreement of the parties, been reassigned to Judge Brieant as a related case to the *Fielman* Class Action. *See* Ex. C (request to have the *Collado* Class Action transferred to Judge Brieant's docket); Ex. D (reassigning the *Collado* Class Action to Judge Brieant).

14. Second, the Southern District of New York is appropriate because the lead plaintiffs in the two New York actions are located in New York, as is PepsiCo, the only defendant named in all the Actions, as are lead counsel for those defendants. Additionally, PBG, one of the other Defendants, is also located in New York, as is their counsel.

15. Third, the courts of the Southern District of New York are located in an easily accessible metropolitan location. White Plains, where Judge Brieant sits, is easily accessible by airplane from anywhere in the country, with three major airports serving the area. In addition, numerous hotels service the White Plains/New York City area with a variety of price ranges, and the Southern District of New York has a well-developed legal support system in place.

16. In addition, the Tennessee Class Action, which was brought on behalf of a class limited to residents of the state of Tennessee, is not being actively litigated. PepsiCo and Coca-Cola have filed motions to stay the proceedings, *see* Ex. E, Docket Entries # 16-17, and the Tennessee Court has issued an order effectively staying the case until the Motion to Stay is determined. A true and correct copy of the Tennessee court's order is annexed hereto as Exhibit I.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in New York, New York on September 27, 2007.

_____
LOUIS M. SOLOMON

10036546