# EXHIBIT A

# United States District Court

SOUTHERN     **DISTRICT OF**     NEW YORK

BRIAN FIELMAN, Individually and On Behalf of All
Other Persons Similarly Situated,

### SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

PEPSICO, INC., THE PEPSI BOTTLING GROUP,
INC., and PEPSI BOTTLING VENTURES LLC

# 07 CIV 6815

# JUDGE BRIEANT

TO: (Name and address of defendant)

PepsiCo, Inc.
700 Anderson Hill Road
Purchase, New York 10577

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Andrew P. Bell, ESQ
LOCKS LAW FIRM, PLLC
110 East 55th Street - 12th Floor
New York, New York 10022
Telephone: (212) 838-3333

RECEIVED
AUG - 3 2007

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

'JUL 3 0 2007

CLERK                                DATE

(BY) DEPUTY CLERK

Seth R. Lesser (SR 5560)
Andrew P. Bell (AB 1309)
LOCKS LAW FIRM PLLC
110 East 55th Street
New York, New York 10022
(212) 838-3333
www.lockslaw.com

Jeffrey A. Klafter (JK 0953)
KLAFTER & OLSEN LLP
1311 Marmaroneck Avenue
Suite 220
White Plains, New York 10605
(914) 997-5656

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brian Fielman, on behalf of herself and all
others similarly situated,

        Plaintiff,

        v.

PEPSICO, INC., THE PEPSI BOTTLING
GROUP, INC., and PEPSI BOTTLING
VENTURES LLC,

        Defendants.

Civil Case No.:

JUDGE BRIEANT

07 CIV 6815

**CLASS ACTION COMPLAINT AND
JURY DEMAND FOR TRIAL**

RECEIVE

JUL 3 0 2007

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff BRIAN FIELMAN, by and through his undersigned counsel, for himself and all

others similarly situated, hereby brings this Class action Complaint against Defendants PEPSICO

INC., THE PEPSI BOTTLING GROUP, INC. AND PEPSI BOTTLING VENTURES LLC

("Defendants"). Plaintiff makes the following allegations based upon his personal knowledge as

to his own acts, and upon information and belief as well as upon his attorneys' investigative

efforts as to Defendants' actions and misconduct as alleged herein:

## Nature of The Action

1. In this class action lawsuit, Plaintiff seeks to obtain damages and/or compensatory restitution for Defendants' wrongful and illegal sales and marketing of *Aquafina* bottled water ("*Aquafina*"), in that Defendants advertising, marketing and/or labeling of *Aquafina* failed to inform consumers that the source of the water was public tap water, not water from an inherently cleaner source, such as a mountain as implied in the logo on the *Aquafina* label. Whether through intentional, reckless, or negligent action, Defendants marketed and sold *Aquafina* notwithstanding the fact that its content was undisclosed, mislabel, misleading. As a result, consumers like Plaintiff herein purchased *Aquafina* not knowing the water's true source and accordingly have suffered harms sounding in their claims set forth below for (a) violations of Uniform Deceptive Acts and Practices statutes (sometimes also referred to as "Consumer Protection Statutes"); (b) breach of the implied warranty of merchantability; and (c) unjust enrichment.

2. Plaintiff further seeks declaratory and injunctive relief to prevent a reoccurrence of such wrongful activity by Defendants.

## Parties

3. Plaintiff Brian Fielman resides in Valley Stream, New York and is a citizen of the State of New York.

4. Defendant PepsiCo, Inc. ("Pepsi") is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York.

2

5.     Defendant The Pepsi Bottling Group, Inc. ("PBG") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Somers, New York.

6.     Defendant Pepsi Bottling Ventures LLC ("PBV") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

7.     PBG and PBV (hereinafter collectively "Pepsi Bottlers") are bottling companies affiliated with Pepsi, are two of Pepsi's "anchor bottlers" of *Aquafina* and other Pepsi products, and are primarily responsible for manufacturing, selling and distributing *Aquafina* in New York and throughout the United States.

8.     With respect to the conduct alleged herein, the acts and alleged wrongdoing of Defendants Pepsi and the Pepsi Bottlers may be imputed to each other inasmuch as they acted as the agents, alter-egos or co-conspirators of each other.

### Jurisdiction and Venue

9.     This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2) inasmuch as the Defendants are citizens of the States of New York, North Carolina and Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs.

10.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

3

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## Factual Allegations of the Plaintiff

12.     On many occasions and for at least two to three years, Brian Fielman purchased *Aquafina* by the case and individual bottles as stores in his neighborhood, including but not limited to, Key Foods and King Kullen.

13.     Mr. Fielman believed, based upon Defendants' labeling of *Aquafina*, that the water used in it must have come from a cleaner, safer and special source.

14.     Mr. Fielman bought *Aquafina* in part because he believed that the water source it was from was cleaner, safer and special because the label indicated that it was "pure water".

15.     On or about July 28 or 29, 2007, Mr. Fielman discovered that the water in *Aquafina* came from general tap water, and was not from a water source that was any cleaner, safer or special.

16.     As a result of this discovery, Mr. Fielman believed he had been misled by Defendants into purchasing *Aquafina* and was angry and shocked.

## Class Action Allegations

17.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and a class (the "Class") consisting of all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present (the "Class Period"). Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors. Plaintiff

4

reserves the right to amend the class definition, including the Class's possible division into subclasses, in order to obtain substantial justice for the wrongdoing asserted herein.

18.     The Class consists of hundreds of thousands if not millions of individuals, not only within the State of New York, but also the other states in the United States. Millions of bottles of *Aquafina* were sold during the Class Period. Numerosity is therefore satisfied.

19.     Plaintiff's claims involve questions of law and fact common to the Class, because Plaintiff and other members of the Class were similarly affected by Defendants' unlawful and wrongful conduct that is complained of herein.

20.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in class and consumer litigation and, in particular, this area of law, and Plaintiff has no conflict of interest with other Class members in the maintenance of this class action. Plaintiff has no relationship with Defendants except as customers. Plaintiff will vigorously pursue the claims of the Class.

21.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

        a.      Whether the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

        b.      Whether Defendants withheld information from and/or omitted to inform consumers on *Aquafina* labels that the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

5

c. Whether Defendants' withholding of information and/or failure to inform consumers as to the true source of the water marketed and sold as *Aquafina* resulted from negligent, reckless or intentional behavior;

d. Whether Defendants' affirmatively promoted the water marketed and sold as *Aquafina* as being better fit for human consumption because of the "perfect" or more "pure" nature of the water's source;

e. Whether Defendants' conduct respecting *Aquafina* violated New York GBL § 349, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in the various States;

f. Whether Defendants' conduct breached the implied warranty of merchantability; and

g. Whether Defendants' omissions in the labeling of *Aquafina* so as to conceal the true nature of the source of the water marketed and sold under the brand name *Aquafina* caused Defendants to be unjustly enriched when the totality of the circumstances are considered.

22. A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

a. Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous economies to both the courts and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

6

b.    Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

c.    Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

d.    No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

23.    Class certification is fair and efficient as well because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

24.    Plaintiff anticipates that there will be no difficulty in the management of this litigation, and means exist to address issues of damages as have been utilized in other class actions, including aggregate damages, claims processes and/or determination of restitutionary amounts.

## Factual Background

25.    The bottled water industry in the United States reportedly accounts for revenues of approximately fifteen billion dollars annually. It is a highly competitive industry where beverage

7

companies are continuously trying to market their water as cleaner, safer and/or healthier than rivals' water.

26. *Aquafina* was first introduced in 1994 and gained national distribution with Pepsi in 1997.

.27. *Aquafina* is currently the United States' best selling brand of bottled water based on sales volume, and Defendants received revenues in 2006 of approximately $2.17 billion on sales of *Aquafina*.

28. Since its introduction, the water used in *Aquafina* is sourced from public drinking supplies, commonly known or referred to as "tap water".

29. Defendants' labels on *Aquafina* currently state: "Bottled at the source P.W.S.".

30. *Aquafina* labels do not indicate, state or imply the meaning of "P.W.S.", although the abbreviation actually stands for "Public Water Systems" or some similar phrase.

31. Defendants' "blue mountain labels" on *Aquafina* contain a logo of a sun rising or setting over a mountain range and contains the slogan "Pure Water Perfect Taste".

32. Defendants' blue mountain labels, therefore, implying that the origin of the water in *Aquafina* bottles is from a mountain source and/or a source more pure than either tap water or rivals' water and that *Aquafina*.

33. Defendants' website fails to inform consumers that the true nature of the source of the water marketed and sold as *Aquafina* is tap water.

34. Defendants negligently, recklessly and/or intentionally misled consumers into believing that *Aquafina* was similar to, as good as and/or better than other rivals' water based upon, in part, the source of the water used in *Aquafina*.

8

35.     Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such information would be considered important to consumers when they made decisions of whether to purchase Defendants' *Aquafina* water.

36.     Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such disclosure would be detrimental to the sales of Defendants' *Aquafina* water.

37.     On or about July 27, 2007, Defendants agreed to relabel *Aquafina* in order to include information that the source of the water was tap water.

38.     On or about July 27, 2007, Defendant Pepsi admitted that the prior labeling of *Aquafina* was misleading to reasonable consumers when Pepsi, referring to the re-labeling of *Aquafina*, released a statement saying: "If this helps clarify the fact that the water originates from public sources, then it's a reasonable thing to do."

## FIRST CAUSE OF ACTION
## FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW
### (By Plaintiff on him own behalf and on behalf of the Class)

39.     Plaintiff hereby incorporates by reference paragraphs 1-38 as if fully set forth herein.

40.     Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of *Aquafina*.

41.     Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiff and members of the Class would not have purchased and/or paid the same

9

amount for *Aquafina*, and they have therefore proximately suffered injury in fact and ascertainable losses.

42.     Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers, including the failure to inform consumers of the true source of the water used in *Aquafina* and the mislabeling of the same, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes.

43.     Defendants engaged in their wrongful conduct while at the same time obtaining sums of money from Plaintiff and Class members for *Aquafina.*

44.     Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes, including, but not limited to N.Y. Gen. Bus. Law §§ 349 *et seq.,* as well as substantially similar statutes in effect in the other States.

45.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment that declaring that Defendants' actions have been in violation of their statutory duties, that provides injunctive relief in order to ensure continued wrongful and similar acts do not occur hereafter, and that provides compensatory damages, treble damages, attorneys' fees, and/or costs of suit.

## SECOND CAUSE OF ACTION
## FOR BREACH OF IMPLIED WARRANTY
### (By Plaintiff on him own behalf and on behalf of the Class)

46. Plaintiff hereby incorporates by reference paragraphs 1-45 as if fully set forth herein.

47. Defendants impliedly warranted that *Aquafina*, a mass consumer item which Defendants manufactured, bottled, promoted, distributed and sold to the market for bottled water to Plaintiff, was merchantable.

48. *Aquafina* was not merchantable within the meaning of the law inasmuch as, by virtue of the labeling when purchased by Plaintiff and the Class, it (a) could not pass without objection in the trade under its description; (b) it was not adequately contained, packaged and labeled as part of the transaction; and/or (c) it did not conform to the promises and affirmations of fact made on the package and label for the game. Therefore, Defendants breached the implied warranties of merchantability when *Aquafina* was labeled, distributed, and sold to Plaintiff and similarly situated persons.

49. Any disclaimers of implied warranties are ineffectual as they were not provided to Plaintiff or otherwise made known to Plaintiff, who were not informed of the material non-compliance of the goods to the represented labeling. In addition, any such disclaimers are unconscionable under the circumstances.

50. As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff has sustained economic losses and other damages for which he is entitled to compensatory and/or equitable damages in an amount to be proven at trial.

11

## THIRD CAUSE OF ACTION
## FOR UNJUST ENRICHMENT
### (By Plaintiff on him own behalf and on behalf of the Class)

51. Plaintiff hereby incorporates by reference paragraphs 1-50 as if fully set forth herein.

52. Defendants obtained monies from the manufacture, labeling, distribution, marketing and/or sale of *Aquafina*, water that was, as they knew or reasonably should have known was mislabeled because the label omitted that the source of the water was tap water and contained images and/or words that implied that the source of the water was more pure and/or better than tap water and/or the bottled water of Defendants' rivals. When considered under the totality of the circumstances regarding Defendants' knowledge regarding *Aquafina*, Defendants have been unjustly enriched to the detriment of Plaintiff and the other members of the Class, as alleged above, by retention of consumer's purchase monies received directly or indirectly. These unjust benefits were conferred on Defendants by consumers as a direct result of the omissions and mislabeling made by Defendants.

76. Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

77. Defendants should be required to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

1.     For an Order certifying the Class and any appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiff and his counsel to represent such Classes and subclasses as appropriate under Rule 23(g);

2.     For the declaratory and equitable relief requested;

3.     For compensatory, equitable and/or restitutionary damages according to proof and for all applicable statutory damages under New York GBL § 349 *et seq.* and under the consumer protection legislation of the other states and the District of Columbia;

4.     For an award of attorneys' fees and costs;

5.     For prejudgment interest and the costs of suit;

6.     For such other and further relief as this Court may deem just and proper.

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - New York Southern
## (White Plains)

## 7:07cv6815

## Fielman v. Pepsico, Inc et al

This case was retrieved from the court on Monday, September 24, 2007

| | |
|---|---|
| Date Filed: 07/30/2007 | Class Code: ECF |
| Assigned To: Judge Charles L Brieant | Closed: no |
| Referred To: | Statute: 28:1332 |
| Nature of suit: Other Contract (190) | Jury Demand: Plaintiff |
| Cause: Diversity-Breach of Contract | Demand Amount: $0 |
| Lead Docket: None | NOS Description: Other Contract |
| Other Docket: None | |
| Jurisdiction: Diversity | |

| Litigants | Attorneys |
|---|---|
| Brian Fielman on Behalf of Herself And All Others Similarly Situated<br>Plaintiff | Andrew Palmer Bell<br>[COR LD NTC]<br>Locks Law Firm PLLC<br>110 East 55TH Street<br>New York , NY  10022<br>USA<br>212-838-3333<br>Fax: 212-838-3735<br>Email: Abell@lockslawny.com<br><br>Jeffrey Alan Klafter<br>[COR LD NTC]<br>Klafter & Olsen LLP<br>1311 Mamaroneck Avenue, Suite 220<br>White Plains , NY  10602<br>USA<br>(914) 997-5656<br>Fax: (914) 997-5656<br>Email: Jak@klafterolsen.com<br><br>Seth Richard Lesser<br>[COR LD NTC]<br>Locks Law Firm PLLC<br>110 East 55TH Street<br>New York , NY  10022<br>USA<br>212-838-3333<br>Fax: 212-838-3735<br>Email: Slesser@lockslawny.com |
| Pepsico, Inc<br>Defendant | Lawrence I Weinstein<br>[COR LD NTC]<br>Proskauer Rose LLP (New York)<br>1585 Broadway<br>New York , NY  10036<br>USA<br>(212)-969-3240<br>Fax: (212)-969-2900<br>Email: LWEINSTEIN@PROSKAUER.COM<br><br>Louis M Solomon<br>[COR LD NTC]<br>Proskauer Rose LLP (New York)<br>1585 Broadway |

New York , NY  10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

Michael Lazaroff
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY 10036
USA
212-969-3645
Fax: 212-969-2900
Email: MLAZAROFF@PROSKAUER.COM

The Pepsi Bottling Group, Inc
Defendant

Lawrence I Weinstein
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY  10036
USA
(212)-969-3240
Fax: (212)-969-2900
Email: LWEINSTEIN@PROSKAUER.COM

Louis M Solomon
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY  10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

Michael Lazaroff
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY  10036
USA
212-969-3645
Fax: 212-969-2900
Email: MLAZAROFF@PROSKAUER.COM

Pepsi Bottling Ventures Llc
Defendant

James M Parrott, V
[COR LD NTC]
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan
2500 Wachovia Capitol Center
Raleigh , NC  27601
USA
(212) 558-4959
Fax: (919)-821-6800
Email: JPARROTT@SMITHLAW.COM

Louis M Solomon
[COR LD NTC]
Proskauer Rose LLP (New York)
1585 Broadway
New York , NY  10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

| Date | # | Proceeding Text |
|---|---|---|
| 07/30/2007 | 1 | COMPLAINT against PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (Filing Fee $ 350.00, Receipt Number 622462)Document filed by Brian Fielman.(II) (Entered: 07/31/2007) |
| 07/30/2007 | -- | SUMMONS ISSUED as to PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (II) (Entered: 07/31/2007) |
| 07/30/2007 | -- | Case Designated ECF. (II) (Entered: 07/31/2007) |
| 07/30/2007 | -- | Magistrate Judge Mark D. Fox is so designated. (II) (Entered: 07/31/2007) |
| 08/16/2007 | 2 | SCHEDULING ORDER: Conference set for 10/5/2007 at 09:00 AM before Judge Charles L. Brieant. (Signed by |

| | | |
|---|---|---|
| | | Judge Charles L. Brieant on 8/16/07) (fk) (Entered: 08/17/2007) |
| 08/23/2007 | 3 | NOTICE OF APPEARANCE by Michael Lazaroff on behalf of PepsiCo, Inc., The Pepsi Bottling Group, Inc., (Lazaroff, Michael) (Entered: 08/23/2007) |
| 08/27/2007 | 4 | AFFIDAVIT OF SERVICE of Summons and Complaint. PepsiCo, Inc. served on 8/3/2007, answer due 8/23/2007. Service was accepted by Kathy Henry, Administrative Assistant. Document filed by Brian Fielman. (Rudich, Fran) (Entered: 08/27/2007) |
| 08/27/2007 | 5 | AFFIDAVIT OF SERVICE of Summons and Complaint. Pepsi Bottling Ventures LLC, served on 8/1/2007, answer due 8/21/2007. Service was accepted by Sabrina Ambrose, Registered Agent. Document filed by Brian Fielman. (Rudich, Fran) (Entered: 08/27/2007) |
| 08/27/2007 | 6 | AFFIDAVIT OF SERVICE of Summons and Complaint. The Pepsi Bottling Group, Inc., served on 8/2/2007, answer due 8/22/2007. Service was accepted by Mike Spanos, Vice President of Retail. Document filed by Brian Fielman. (Bell, Andrew) (Entered: 08/27/2007) |
| 08/30/2007 | 7 | STIPULATION AND ORDER Extending Time to Answer…until 9/19/07…So Ordered. (Signed by Judge Charles L. Brieant on 8/29/07) (fk) (Entered: 09/04/2007) |
| 09/04/2007 | 8 | NOTICE OF APPEARANCE by Louis M. Solomon on behalf of PepsiCo, Inc., The Pepsi Bottling Group, Inc., (Solomon, Louis) (Entered: 09/04/2007) |
| 09/10/2007 | 9 | NOTICE OF APPEARANCE by Lawrence I. Weinstein on behalf of PepsiCo, Inc., The Pepsi Bottling Group, Inc., (Weinstein, Lawrence) (Entered: 09/10/2007) |
| 09/11/2007 | 10 | NOTICE OF APPEARANCE by James M. Parrott, V on behalf of Pepsi Bottling Ventures LLC, (Parrott, James) (Entered: 09/11/2007) |
| 09/12/2007 | 11 | MOTION for Donald H. Tucker, Jr. to Appear Pro Hac Vice. Document filed by Pepsi Bottling Ventures LLC,…$25.00 Fee paid, #624521.(jma) (Entered: 09/13/2007) |
| 09/14/2007 | 12 | ORDER granting 11 Motion for Donald H. Tucker, Jr. to Appear Pro Hac Vice. Upon the motion of James M. Parrott, V, attorney for defendant Pepsi Bottling Ventures, LLC, and said sponsor attorney's affidavit in support: IT IS HEREBY ORDERED that Donald H. Tucker, Jr. is admitted to practice Pro Hac Vice as counsel for Defendant Pepsi Bottling Ventures, LLC.....See document for more details. (Signed by Judge Charles L. Brieant on 09/13/07) (dcr) (Entered: 09/14/2007) |
| 09/14/2007 | 13 | ENDORSED LETTER addressed to Judge Charles L. Brieant from lMichael Lazaroff dated 9/12/07 re: Request for an adjournment of conference until 10/26/07 at 9:00 am. ENDORSEMENT: Application Granted. Conference scheduled for 10/26/07 at 9:00 am. So Ordered. (Signed by Judge Charles L. Brieant on 9/13/07) (fk) (Entered: 09/17/2007) |
| 09/19/2007 | 14 | JOINT MOTION to Dismiss for failure to state a claim for which relief can be granted. Document filed by PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,.Responses due by 10/22/2007,Return Date set for 11/30/2007 at 10:00 AM.(Solomon, Louis) (Entered: 09/19/2007) |
| 09/19/2007 | 15 | MEMORANDUM OF LAW in Support re: 14 JOINT MOTION to Dismiss for failure to state a claim for which relief can be granted.. Document filed by PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (Solomon, Louis) (Entered: 09/19/2007) |
| 09/19/2007 | 16 | DECLARATION of Diane Petroccione in Support re: 14 JOINT MOTION to Dismiss for failure to state a claim for which relief can be granted.. Document filed by PepsiCo, Inc., The Pepsi Bottling Group, Inc.,, Pepsi Bottling Ventures LLC,. (Attachments: # 1 Exhibit A)(Solomon, Louis) (Entered: 09/19/2007) |

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

# EXHIBIT
# B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Carmen Collado, on behalf of herself
and all others similarly situated,

Civil Case No.: 07cv 6874 (GBD)

        Plaintiff,

        v.

PEPSICO, INC. and PEPSI BOTTLING
VENTURES LLC,

        Defendants.

## FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff CARMEN COLLADO, by counsel and on behalf of herself and all

others similarly situated, individually and as class representative, for her Class Action

Complaint against Defendants PEPSICO, INC. and PEPSI BOTTLING VENTURES

LLC ("Defendants"), alleges, upon information and belief, except for the allegations

concerning Plaintiff's own actions, as follows:

1.    Plaintiff Carmen Collado is a resident and citizen of the State of New

York. Not knowing of Aquafina's true source, Ms. Collado frequently purchased

Aquafina by the case from at least five to six years ago to the present usually at BJs

Wholesale Club and/or Costco, both in Westbury, New York and/or Melville, New York,

and from Stop n Shop in Oyster Bay, New York. Ms. Collado was shocked when she

learned that the source of Aquafina was from public tap water because she had believed,

based upon the labeling of the product, that its source must have been better than tap

water.

2.      Defendant PepsiCo, Inc. is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Purchase, New York.

3.      Defendant Pepsi Bottling Ventures LLC ("Pepsi Bottling") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

4.      Defendants PepsiCo, Inc. and Pepsi Bottling acted together and in concert in respects to the actions alleged in this complaint and their actions may be imputed to each other inasmuch.

## Jurisdictional Allegations

5.      This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2)("CAFA") because the Defendants are citizens of the States of New York, North Carolina and/or Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy, aggregated, exceeds the sum of $5 million, exclusive of interests and costs.

6.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

7.      This Court can issue declaratory and/or equitable relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## Class Action Allegations

8.      Plaintiff brings this class action pursuant to F.R.C.P. 23 on behalf of herself and a class consisting of all individuals in the United States who purchased Aquafina (the "Class") from July 30, 2001 through the present (the "Class Period").

2

Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors.

9.    The Class consists of millions of persons in New York and throughout the United States.

10.    Upon information and belief, millions and millions of bottles of Aquafina were sold during the Class Period, and thus, numerosity is satisfied.

11.    Plaintiff's claims involve common issues of law and fact because Plaintiff and other members of the Class were similarly affected by Defendants' wrongful conduct.

12.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no relationship with Defendants except as a customer of Defendants' product Aquafina water. Plaintiff will vigorously pursue this action on behalf of the Class, and Plaintiff has no and does not know of any conflicts of interest with any other Class members in this class action.

13.    Plaintiff has retained counsel competent and experienced in class and consumer litigation.

14.    Common issues of law and fact predominate over any issues affecting only individual members of the Class. Among the issues of law and fact common to the Class are:

    a.    whether the Aquafina water was bottled from tap water;

    b.    whether Defendants failed to disclose to consumers that Aquafina water was bottled from tap water;

    c.    whether Defendants' failure to disclose that Aquafina water was bottled from tap water was negligent, reckless or intentional behavior;

    d.    whether Defendants' failure to disclose that Aquafina water was

3

bottled from tap water violated New York Gen. Bus. Law § 349, *et seq.*, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in other States;

e.    whether Defendants' failure to disclose that Aquafina water was bottled from tap water breached the implied warranty of merchantability; and

f.    whether Defendants' failure to disclose that Aquafina water was bottled from tap water unjustly enriched Defendant

15.    This class action is an appropriate and superior method for the fair and efficient adjudication of the issues in this case because of the following:

a.    Common issues of law and/or fact predominate over any individual issues, and thus, there are large economies to both the courts and the Class in litigating the common issues on a class-wide basis instead of on a individual basis one-by-one;

b.    The individual claims of Class members are too small, thereby making individual litigation an economically impracticable alternative;

c.    It will be cost efficient and economies of scale will be achieved if the common issues in this class action are litigation together, rather than separately;

d.    There are no significant difficulties likely to be encountered in the management of this class action; and

e.    Class adjudication is a fair and efficient method because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that may be dispositive of the interests of other entities not parties to the action or substantially impair or impede their ability to protect their interests.

### Factual Allegations

16.    Aquafina water is the best selling bottled water in the United States with revenues in 2006 of over two billion dollars.

4

17.    During the Class Period, Aquafina water was obtained from public tap water supplies.

18.    During the Class Period, Defendants' labels were misleading and deceptive because they stated: "Bottled at the source P.W.S.", without indicating what "P.W.S." meant, because the logo contained a snow covered mountain thereby implying that the water was "mountain water", not regular tap water, because the slogan "Pure Water Perfect Taste" implied that the water was from a source that was more "pure" than other bottled water and/or tap water.

19.    Defendants negligently misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

20.    Defendants recklessly misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

21.    Defendants intentionally misled consumers into believing that the water source of Aquafina water was something different and better than tap water.

22.    Defendants knew or should have known that the fact that Aquafina water was sourced from tap water was materially relevant to the reasonable consumer when making a purchase of bottled water.

23.    Defendants knew that the disclosure of the fact that Aquafina water was sourced from tap water would hurt sales of Aquafina water, and accordingly, Defendants continued to refuse to disclose such information to the public, and especially on the labels of Aquafina water.

5

24.     On or about July 27, 2007, Defendants issued a statement that they would

change the label on Aquafina water so as to disclose that Aquafina water was sourced

from a public water system supplying tap water.

## FIRST CAUSE OF ACTION

## FOR VIOLATION OF CONSUMER FRAUD/UNFAIR AND DECEPTIVE TRADE PRACTICES STATUTES

(By Plaintiff on her own behalf and on behalf of the Class)

25.     Plaintiff hereby incorporates by reference paragraphs one through twenty-

four as if fully set forth herein.

26.     Pursuant to New York Gen. Bus. L. § 349, *et seq.*, and other similar state

consumer fraud and/or unfair and deceptive trade practices acts, Defendants had a

statutory duty to refrain from unfair or deceptive acts or practices in the bottling,

manufacturing, marketing, labeling and sale of Aquafina water.

27.     If Defendants had disclosed the true source of Aquafina water and not

engaged in the wrongful and deceptive actions described above, Plaintiff and members of

the Class would not have purchased from or paid Defendants for Aquafina water, but

instead Plaintiff and members of the Class proximately suffered injuries in fact, economic

and/or ascertainable losses.

28.     Defendants' deceptive, unconscionable or fraudulent conduct failing to

disclose and thereby omitting material information from consumers, as described above,

constituted unfair and deceptive acts and practices in violation of state consumer

protection statutes.

6

29.     Defendants' actions, as described above, constitute unfair competition and/or unfair, unconscionable, deceptive and/or fraudulent acts or practices in violation of state consumer protection statutes, including but not limited to, N.Y. Gen. Bus. Law §§ 349 *et seq.*

30.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment declaring that Defendants' actions have been in violation of statutory duties and protections and that provides compensatory damages, treble damages, punitive damages, attorneys' fees, and/or costs of suit.

## SECOND CAUSE OF ACTION

### FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(By Plaintiff on her own behalf and on behalf of the Class)

31.     Plaintiff hereby incorporates by reference paragraphs one through thirty as if fully set forth herein.

32.     Defendants impliedly warranted that Aquafina water was merchantable.

33.     Aquafina water was not merchantable within the meaning of the law because it could not pass without objection in the trade under its description, it was not adequately contained, packaged and labeled as part of the transaction and/or it did not conform to the promises and affirmations of fact made on the package and label for the game.

34.     Accordingly, Defendants breached the implied warranties of merchantability when Aquafina water was marketed, labeled, and sold to Plaintiff and members of the Class.

7

35.    As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff and members of the Class have sustained economic losses and other damages for which she is entitled to damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### FOR UNJUST ENRICHMENT

(By Plaintiff on her own behalf and on behalf of the Class)

36.    Plaintiff hereby incorporates by reference paragraphs one through thirty-six as if fully set forth herein.

37.    Defendants obtained monies from the marketing, labeling and/or sale of Aquafina water. When considered under the totality of the circumstances, as described above, Defendants have been unjustly enriched to the detriment of Plaintiff and the members of the Class by the retention of consumer's purchase monies received directly or indirectly by Defendants.

38.    This enrichment was conferred on Defendants by consumers as a direct result of the failures, omissions and deceptive and fraudulent conduct of Defendants.

39.    Defendants' retention of monies they have gained through their failures, omissions and deceptive and fraudulent conduct would be unjust considering the totality of the circumstances concerning Defendant's receipt and retention of those monies.

40.    Defendants should be order to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the members of the Class in amounts to be determined.

8

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1.    For an Order, pursuant to the relevant provisions of F.R.C.P. 23, certifying the Class, and appointing Plaintiff and her undersigned counsel to represent the Class and any appropriate subclasses;

2.    For the declaratory relief requested;

3.    For compensatory, equitable and/or restitutionary damages according to the proof and for all applicable statutory damages under New York Gen. Bus. Law § 349 *et seq.* and under such similar statutes in effect in other states;

4.    For an award of attorneys' fees and costs;

5.    For prejudgment interest and the costs of suit;

6.    For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:    July 30, 2007

Hunter J. Shkolnik (HS 4854)
RHEINGOLD, VALET,
RHEINGOLD, SHKOLNIK &
McCARTNEY LLP
113 East 37th Street
New York, NY 10016
Tel. 212-684-1880
Fax 212-689-8156
hshkolnik@rheingoldlaw.com
http://www.rheingoldlaw.com

Richard J. Arsenault (*pro hac vice* to
be filed)
NEBLETT, BEARD &
ARSENAULT
2220 Bonaventure Court
Alexandria, LA 71301
Tel. 318-487-9874
Fax: 318-561-2591
http://www.nbalawfirm.com

Attorneys for Plaintiffs

10

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - New York Southern
## (White Plains)

## 7:07cv6874

## Collado v. Pepsico, Inc et al

This case was retrieved from the court on Wednesday, September 26, 2007

| | | | |
|---|---|---|---|
| Date Filed: | 07/31/2007 | Class Code: | ECF |
| Assigned To: | Judge Charles L Brieant | Closed: | no |
| Referred To: | | Statute: | 28:1332 |
| Nature of suit: | Product Liability (195) | Jury Demand: | Plaintiff |
| Cause: | Diversity-Contract Dispute | Demand Amount: | $0 |
| Lead Docket: | None | NOS Description: | Product Liability |
| Other Docket: | None | | |
| Jurisdiction: | Diversity | | |

| Litigants | Attorneys |
|---|---|
| Carmen Collado on Behalf of Herself And All Others Similarly Situated<br>Plaintiff | Hunter Jay Shkolnik<br>[COR LD NTC]<br>Rheingold, Valet, Rheingold, Shkolnik & McCartney, LLP<br>113 East 37TH Street<br>New York , NY  10016-3042<br>USA<br>(212)-684-1880<br>Fax: (212)-689-8156<br>Email: HSHKOLNIK@RHEINGOLDLAW.COM |
| Pepsico, Inc<br>Defendant | |
| Pepsi Bottling Ventures, Llc<br>Defendant | James M Parrott, V<br>[COR LD NTC]<br>Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan<br>2500 Wachovia Capitol Center<br>Raleigh , NC  27601<br>USA<br>(212) 558-4959<br>Fax: (919)-821-6800<br>Email: JPARROTT@SMITHLAW.COM |

| Date | # | Proceeding Text |
|---|---|---|
| 07/31/2007 | 1 | COMPLAINT against Pepsico, Inc., Pepsi Bottling Ventures, LLC. (Filing Fee $ 350.00, Receipt Number 622560) Document filed by Carmen Collado.(tro) Additional attachment(s) added on 8/3/2007 (Horne, Jenny). (Entered: 08/01/2007) |
| 07/31/2007 | -- | SUMMONS ISSUED as to Pepsico, Inc., Pepsi Bottling Ventures, LLC. (tro) (Entered: 08/01/2007) |
| 07/31/2007 | -- | Magistrate Judge James C. Francis is so designated. (tro) (Entered: 08/01/2007) |
| 07/31/2007 | -- | Case Designated ECF. (tro) (Entered: 08/01/2007) |
| 08/07/2007 | 2 | ORDER RE SCHEDULING AND INITIAL PRETRIAL CONFERENCE: If such a consent order is not filed within the time provided. Initial Conference set for 10/9/2007 at 09:30 AM in Courtroom 15D, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. (Signed by Judge George B. Daniels on 8/6/2007) (jmi) (Entered: 08/10/2007) |
| 08/13/2007 | 3 | AMENDED COMPLAINT amending 1 Complaint against Pepsico, Inc., Pepsi Bottling Ventures, LLC. Document filed by Carmen Collado. Related document: 1 Complaint filed by Carmen Collado.(jco) Additional attachment (s) added on 8/22/2007 (Correa, Julie). (Entered: 08/14/2007) |
| 08/22/2007 | 4 | AFFIDAVIT OF SERVICE. Pepsi Bottling Ventures, LLC served on 8/20/2007, answer due 9/10/2007. Service was accepted by Donna Christie. Document filed by Carmen Collado. (Shkolnik, Hunter) (Entered: |

| | | |
|---|---|---|
| | | 08/22/2007) |
| 09/14/2007 | 5 | AFFIDAVIT OF SERVICE. Pepsico, Inc. served on 9/12/2007, answer due 10/2/2007. Service was accepted by Kimberly Riggins. Document filed by Carmen Collado. (Shkolnik, Hunter) (Entered: 09/14/2007) |
| 09/19/2007 | 6 | NOTICE OF APPEARANCE by James M. Parrott, V on behalf of Pepsi Bottling Ventures, LLC (Parrott, James) (Entered: 09/19/2007) |
| 09/19/2007 | 7 | NOTICE OF CASE REASSIGNMENT to Judge Charles L. Brieant. Judge George B. Daniels is no longer assigned to the case. (jeh) (Entered: 09/24/2007) |

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

# EXHIBIT
# C

LOS ANGELES
WASHINGTON
BOSTON
1585 Broadway                    BOCA RATON
New York, NY  10036-8299         NEWARK
Telephone 212.969.3000           NEW ORLEANS
Fax 212.969.2900                 PARIS
                                 SÃO PAULO

# PROSKAUER ROSE LLP

Michael S. Lazaroff
Senior Counsel

Direct Dial 212.969.3645
mlazaroff@proskauer.com

September 7, 2007

**Via Overnight Delivery**

Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 630
New York, NY 10007

Re:    *Collado v. PepsiCo, Inc.*, 07 CIV 6874

Dear Judge Daniels:

We represent Defendant PepsiCo, Inc. in the above referenced matter.  At the time this action
was initially filed, a nearly identical complaint had already been filed against the two defendants
in the above referenced matter before Judge Charles L. Brieant in White Plains and had a lower
docket number than the above-referenced action (a copy of the complaint in *Fielman v. PepsiCo,
Inc.*, 07 CIV 6815 is attached to this letter).  Because these nearly identical complaints are
clearly related to each other, we respectfully request that the *Collado* case be transferred to Judge
Brieant's docket as authorized by Rule 19 of this Court's Rules for the Division of Business
Among District Judges.  We have consulted with Plaintiff's counsel and counsel for Pepsi
Bottling Ventures, LLC and they consent to the transfer of this action.

The nearly identical *Fielman* complaint was filed in White Plains, where PepsiCo is domiciled,
on July 30, 2007, before the *Collado* action was filed.  The two complaints are nearly identical,
both focus on the Defendants' sale and marketing of Aquafina bottled water.  For instance, both
complaints center around the same factual allegations of wrongdoing; they each allege as
deceptive and misleading the inclusion of the phrases "Bottled at the source P.W.S." and "Pure
Water Perfect Taste" and the picture of a mountain sunrise on Aquafina's label.  According to
both complaints, the Aquafina label allegedly misled consumers into thinking that Aquafina was
"more pure" than other bottled water.  Furthermore, the causes of action are also identical,
alleging unfair and deceptive trade practices under state law; breach of implied warranty; and
unjust enrichment.  Finally, both complaints also seek to certify a nationwide class of all
individuals who purchased Aquafina.  Because of these similarities, we believe that litigating

**PROSKAUER ROSE LLP**

Honorable George B. Daniels
September 7, 2007
Page 2

these cases on the same docket will result in a substantial savings of judicial resources and increase the efficiency in which both litigations are conducted. Pursuant to Rule 19(c), when a party believes that its case is related to another case on a different docket, that party may request to have its case transferred to the judge assigned the related case with the lowest docket number. Here, the *Fielman* action has the lower docket number as it was filed prior to the action here. Accordingly, this action should be transferred to the Judge Brieant's docket in White Plains.

Furthermore, the *Collado* action should have been filed in White Plains originally. Rule 21(a)(i) of this Court's Rules for the Division of Business Among District Judges states that "[a] civil case shall be designated for assignment to White Plains if . . . [t]he claim arose in whole or in major part in the . . . 'Northern Counties' . . . and at least one of the parties resides in the Northern Counties[.]" Defendant PepsiCo's principal place of business is located in Westchester County, one of the enumerated "Northern Counties". And, the claim either arose in Westchester, where Defendant developed the marketing of Aquafina, or in Nassau or Suffolk Counties, where Ms. Collado alleges to have purchased Aquafina.

For these reasons, we respectfully request that your Honor transfer *Collado v. PepsiCo, Inc.*, 07 CIV 6874 to Judge Brieant's docket.

Respectfully submitted,

Michael S. Lazaroff

cc:    Hunter Shkolnik, Esq.
       Don Tucker, Esq.

# EXHIBIT
# D

Doc

# United States District Court
### Southern District of New York
### Office of the Clerk
### US Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

## NOTICE OF REASSIGNMENT

07cv6874

--------------------------------------------------X

Collado  v. Pepsico, Inc.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X



Pursuant to the memorandum of the Case Processing Assistant, the above-entitled action is reassigned to the calendar of


## Judge Brieant

All future documents submitted in this action are to be presented in the Clerk's Office of the Southern District Court for filing and shall bear the assigned judge's initials after the case number.

The attorney(s) for the plaintiff(s) are requested to serve a copy of the Notice of Reassignment on all defendants.


J. Michael McMahon, CLERK

Dated:

09/19/2007


By:    <u>Jenny R. Horne</u>

Deputy Clerk


cc:  Attorneys of Record

# EXHIBIT
# E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

STACY ANDERSON, MICHAEL GRAY,
KAYE HUDDLESTON, MICHAEL JONES,
CHERYL CARTER, DARRELL L. MARTIN,
YUNNA GRIFFIN, ARVIS CLARK,
TERRENCE JOHNSON, LATASHA JOHNSON,
LINDA VALENTINE, VINH LE,
TERRY MANSKER, and MICHAEL ALDRIDGE,
on behalf of themselves and all others
similarly situated,

   Plaintiffs,

vs.           Case No. <u>2:07-cv-02514</u>

PEPSI CO, INC., and
THE COCA COLA COMPANY, INC.,

   Defendants.

---

### FIRST AMENDED COMPLAINT

---

Plaintiffs Stacy Anderson, Michael Gray, Kaye Huddleston, Michael Jones, Cheryl Carter,

Darrell L. Martin, Yunna Griffin, Arvis Clark, Terrence Johnson, Latasha Johnson, Linda Valentine,

Vinh Le, Terry Mansker and Michael Aldridge, individually and on behalf of the class of persons

defined below, against Pepsi Co., Inc. and The Coca Cola Company, Inc., and pursuant to their

investigation, upon knowledge as to themselves and their own acts and otherwise upon information

and belief, for their complaint allege as follows:

### <u>OVERVIEW OF THE CASE</u>

1.  This class action seeks redress for a nationwide scheme of consumer

1

misrepresentation practices by Pepsi Co., Inc. ("Pepsi") and The Coca Cola Company, Inc. ("Coca-Cola") (Defendants are hereinafter collectively referred to as "Defendants") related to the marketing, labeling, and sale of bottled water. This complaint is brought under Rule 23 of the Tennessee Rules of Civil Procedure on behalf of all persons who have purchased and consumed Aquafina bottled water, manufactured by Pepsi, and/or Dasani bottled water, manufactured by Coca Cola. Plaintiffs seek compensatory damages and other remedies for Defendants' unfair and deceptive acts and practices described herein in connection with the marketing, labeling and sale of Aquafina and Dasani bottled waters. Specifically, Plaintiffs allege that Defendants knowingly engaged in misleading marketing practices, including not clearly identifying on the labels of their respective bottled waters, that the source of the water is the same source as public water, resulting in misleading Plaintiffs that said water comes from spring sources. Plaintiffs further allege that Defendants online information misrepresents and purposely obscures the fact that the water is obtained from the same sources as tap water which is readily available to the public for no cost. Plaintiffs allege that Pepsi's decision to label its Aquafina bottled water as "purified drinking water" or "P.W.S.", and provide on its online site that its water is from "a source regulated by the EPA" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, grade, characteristics and quality of its product. Plaintiffs allege that Coca Cola's label of "purified" water, and its online site information that its water is from "local sources" is a knowing act designed to mislead and/or create a likelihood of confusion as to the source, standard, quality, grade, characteristics and quality of its product.

2.      Defendants engaged in unfair and deceptive conduct in which they purposely caused the likelihood of confusion or misunderstanding as to the source, standard, grade, characteristics and

quality of their goods, and engaged in acts and practices which were deceptive to the consumer and to other persons.

3.      Defendants intentionally created a false impression by their marketing schemes designed  to mislead Plaintiffs or to obtain an undue advantage over them.  Said false impression was made with knowledge of its falsity and with a fraudulent intent.  Said impression and representation was to an existing fact which is material and Plaintiffs reasonably relied upon that false impression to their injury.

## JURISDICTION AND VENUE

4.      This Complaint is brought pursuant to Tenn. Code Ann. §47-18-101 et seq.

5.      Defendants transacted business in the State of Tennessee, and the County of Shelby.

6.      No portion of this Complaint is brought pursuant to Federal Law.

7.      The damages of the Named Plaintiffs and each of the Class Members does not and will not exceed $75,000 each.

## THE PARTIES

8.      Stacy Anderson is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

9.      Michael Gray is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

10.     Kaye Huddleston is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

11.     Michael Jones is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

3

12.     Cheryl Carter is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

13.     Darryl Martin is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

14.     Yunna Griffin is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

15.     Arvis Clark is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

16.     Terrence Johnson is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

17.     Latasha Johnson is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

18.     Linda Valentine is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

19.     Vinh Le is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

20.     Terry Mansker is an adult resident of Shelby County, Tennessee.  Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

21.     Michael Aldridge is an adult resident of Shelby County, Tennessee Plaintiff was victimized by Pepsi and Coca Cola's unfair and deceptive acts, and is a member of the Class.

22.     Defendant Pepsi Co., Inc., is a North Carolina corporation and maintains its principal executive offices at 700 Anderson Hill Road, Purchase, New York 10577, and transacts business in

4

the State of Tennessee and the County of Shelby.

23.     Defendant Coca Cola Company, Inc., is a Delaware corporation and maintains its principal executive offices at One Coca-Cola Plaza, Atlanta, Georgia 30313, and transacts business in the State of Tennessee and the County of Shelby.

## CLASS ACTION ALLEGATIONS

24.     This case is brought as a class action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure.  Plaintiffs seek certification of this action as a class action on behalf of all residents of Tennessee who have purchased and consumed Aquafina or Dasani bottled waters based on the unfair and deceptive acts and practices by Pepsi and Coca Cola.

25.     This action is appropriate as a class action pursuant to Rule 23.  Since Plaintiffs seek relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Pepsi and Coca Cola.  Further, adjudications with respect to individual Class Members would, as a practical matter, be dispositive to the interests of other Class Members who are not parties to the adjudications and may impair and impede their ability to protect their interests.

26.     Membership in the Class is so numerous that separate joinder of each member is impracticable.  The number of Class Members is unknown.  Plaintiffs believe that there are thousands of persons in the Class.  Although Plaintiff does not presently know the names of all Class Members, their identities and addresses can be ascertained.

27.     Plaintiffs are members of the Class of victims described herein.  They were subject to unfair and deceptive acts and practices by Pepsi and Coca Cola, and purchased and consumed

5

Aquafina and Dasani bottled waters based upon the unfair and deceptive practices described herein.

28.    There are numerous and substantial questions of law and fact common to all Class Members which control this litigation and which predominate over any individual issues. Included within the common questions are the following:

a.    Whether Pepsi devised and deployed a scheme or course of business which acted to cause the likelihood of confusion or misunderstanding as to the source of its Aquafina bottled water which acted to defraud or deceive Plaintiffs and Class Members and/or exacted unreasonable and unconscionable prices for its product by taking advantage of its position of superior knowledge;

b.    Whether Coca Cola devised and deployed a scheme or course of business which acted to cause the likelihood of confusion or misunderstanding as to the source of its Dasani bottled water which acted to defraud or deceive Plaintiffs and Class Members and/or exacted unreasonable and unconscionable prices for its product by taking advantage of its position of superior knowledge;

c.    Whether Pepsi failed to disclose to Plaintiffs and Class Members material information such as that the source of its Aquafina bottled water was from the same sources as public tap water;

d.    Whether Coca Cola failed to disclose to Plaintiffs and Class Members material information such as that the source of its Dasani bottled water was from the same sources as public tap water;

e.    Whether Pepsi engaged in a nationwide unfair and deceptive scheme and course of conduct which was deceptive to the consumer and to other persons;

6

      f.      Whether Coca Cola engaged in a nationwide unfair and deceptive scheme and course of conduct which was deceptive to the consumer and to other persons;

      g.      Whether Plaintiffs and Class Members are entitled to injunctive relief and/or other equitable relief against Pepsi and/or Coca Cola;

      h.      Whether Plaintiffs and Class Members are entitled to an award of punitive damages against Pepsi and/or Coca Cola; and

      i.      Whether Plaintiffs and Class Members have sustained damages and the proper measure of those damages.

29.     The claims of Plaintiffs are typical of the claims of the Class, and Plaintiffs have no interests which are adverse to those of other Class Members.

30.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of complex litigation and experienced and competent as to class action litigation.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Absent a class action, Class Members will continue to suffer damages, and Pepsi and Coca Cola's violations of law will proceed without remedy while Pepsi and Coca Cola will continue to retain the proceeds of their ill-gotten gains.

32.     Most individual Class Members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation, the size and scope of Pepsi and Coca Cola's unfair and deceptive sales schemes, the significant costs attendant to litigation on this scale, and the comparatively small, although significant, damages suffered by individual Class Members.

33.     This action will result in an orderly and expeditious administration of Class claims.

Economies of time, effort and expense will be fostered and uniformity of decisions will be insured.

34.     This action presents no difficulty that would impede its management by the Court as a class action, and a class action is superior to other available methods for their fair and efficient adjudication of their claims.

35.     Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require Pepsi and Coca Cola to specifically reform the labeling of their products as represented.

## COUNT I

**(Tennessee Consumer Protection Act - Tenn. Code Ann. §47-18-101, *et seq*.)**

36.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

37.     Defendant Pepsi intentionally engaged in unfair and deceptive acts and practices affecting the conduct of trade or commerce constituting unlawful acts and practices which are Class B misdemeanors.

38.     Defendant Coca Cola intentionally engaged in unfair and deceptive acts and practices affecting the conduct of trade or commerce constituting unlawful acts and practices which are Class B misdemeanors.

39.     Defendants' actions violate Tenn. Code Ann. §47-18-101, *et seq.*

40.     Defendant Pepsi intentionally and knowingly caused the likelihood of confusion or of misunderstanding as to the source of its Aquafina bottled water.

41.     Defendant Coca Cola intentionally and knowingly caused the likelihood of confusion or of misunderstanding as to the source of its Dasani bottled water.

8

42.     Defendant Pepsi, through its unfair and deceptive marketing and labeling of its Aquafina bottled water, unfairly represented to the consumers that its product has characteristics, ingredients, benefits or qualities that it does not have.

43.     Defendant Coca Cola, through its unfair and deceptive marketing and labeling of its Dasani bottled water, unfairly represented to the consumers that its product has characteristics, ingredients, benefits or qualities that it does not have.

44.     Defendant Pepsi, through its unfair and deceptive marketing and labeling of its Aquafina bottled water, used statements or illustrations in advertisements which created a false impression of the grade, quality, value or origin of the goods offered, or otherwise misrepresented the goods in such a manner that later, on disclosure of the true facts, there is a likelihood that the consumer may have switched from the advertised goods to other goods.

45.     Defendant Coca Cola, through its unfair and deceptive marketing and labeling of its Dasani bottled water, used statements or illustrations in advertisements which created a false impression of the grade, quality, value or origin of the goods offered, or otherwise misrepresented the goods in such a manner that later, on disclosure of the true facts, there is a likelihood that the consumer may have switched from the advertised goods to other goods.

46.     Defendant Pepsi engaged in other acts or practices which are deceptive to the consumer or to any other person.

47.     Defendant Coca Cola engaged in other acts or practices which are deceptive to the consumer or to any other person.

48.     Plaintiffs and Class Members suffered an ascertainable loss of money as a result of the use or employment by Defendants of such  unfair or deceptive acts or practices.

## COUNT II

### (Common Law Fraud)

49.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

50.     Defendant Pepsi intentionally misrepresented a material fact or produced a false impression in order to mislead Plaintiffs and Class Members or to obtain an undue advantage over them.

51.     Defendant Coca Cola intentionally misrepresented a material fact or produced a false impression in order to mislead Plaintiffs and Class Members or to obtain an undue advantage over them.

52.     Defendants' representations were made with knowledge of their falsity and with fraudulent intent.

53.     Defendants' representations were to existing facts which were material and the Plaintiffs and Class Members reasonably relied upon those misrepresentations to their injury.

## COUNT III

### (Fraudulent Inducement)

54.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

55.     As set forth above, Pepsi and Coca Cola made misrepresentations or knowingly engaged in a course of conduct causing a likelihood of confusion or misunderstanding as to the source of their products.

56.     At the same time the misrepresentations were made or the course of conduct was

engaged in, Defendants knew that the representations were false, or caused to be made such representations with knowledge of the truth or falsity of such representations, and that such omitted information would have been material to Plaintiffs and the Class.

57.     Defendants made the misrepresentations or omitted material facts in order to induce Plaintiffs and Class Members to purchase their products.  Plaintiffs and Class Members reasonably and justifiably relied on the misrepresentations and omissions.

58.     As a direct and proximate result of the reasonable and justifiable reliance of Plaintiffs and Class on the misrepresentations and omitted material facts, Plaintiffs and the Class have suffered monetary and other damages.

## COUNT IV

### (Negligent Misrepresentation)

59.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

60.     Plaintiffs would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiffs in the transactions described hereinabove.  Defendants failed to exercise reasonable care or competence in obtaining or communicating such information.  Plaintiffs aver that they suffered pecuniary loss, described more fully herein above, which was proximately caused by Plaintiffs' justifiable reliance on such information.

## COUNT V

### (Declaratory and Injunctive Relief)

61.     Plaintiffs repeat, re-allege, and incorporate herein each of the paragraphs above as if fully set forth herein.

62.     As stated above, Pepsi and Coca Cola have engaged in acts or practices violating the provisions of the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101, *et seq.*

63.     Plaintiffs and Class Members seek a declaratory judgment that such acts and practices described herein violate the provisions of Tenn. Code Ann. §47-18-101, *et seq.*, and to enjoin Defendants who have violated, or are violating, said Act.

WHEREFORE, Plaintiffs demand judgment against Pepsi and Coca Cola on behalf of themselves and Class Members as follows:

1.     Issuing an order determining that the action is a proper class action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure;

2.     Awarding Plaintiffs and Class Members compensatory and punitive damages in an amount to be proven at trial for the wrongful acts complained of;

3.     Awarding Plaintiffs and Class Members treble damages pursuant to the provisions of Tenn. Code Ann. §47-18-109(3);

4.     Granting extraordinary equitable and/or injunctive relief as permitted by law or equity;

5.     Granting declaratory and injunctive relief pursuant to Tenn. Code Ann. §47-18-109(5)(b);

6.     Granting Plaintiffs and Class Members their costs and disbursements in connection

12

with this action, including reasonable attorneys' fees, expert witness fees and other costs; and

      7.     Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand trial by jury on all issues triable at law.

Dated: August 10, 2007.

Respectfully submitted,

s/Sharon Harless Loy
Ricky E. Wilkins (BPR #14526)
Sharon Harless Loy (BPR #19824)
The Law Offices of Ricky E. Wilkins
119 S. Main Street
Suite 500, Pembroke Square Building
Memphis, TN 38103
Telephone: (901) 322-4463
Facsimile: (901) 322-4451
sloy@wilkinslawoffice.com

Counsel for Plaintiffs and the Plaintiff Class

## CERTIFICATE OF SERVICE

I, Sharon Harless Loy, hereby certify that I have served a copy of the foregoing upon Michael Richards, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, 165 Madison Avenue, 20th Floor, Memphis, TN 38103, counsel for Pepsi Co., Inc., and upon Jef Feibelman, Esq., Burch Porter & Johnson, PLLC, 130 N. Court Avenue, Memphis, TN 38103, counsel for The Coca Cola Company, Inc., by placing a copy of the same in the U.S. Mail, postage pre-paid, for delivery, and through the court's electronic delivery system.

This the __10th__ day of August, 2007.

s/Sharon Harless Loy

Order documents from CourtLink's nationwide document retrieval service.
- OR - Call 1.866.540.8818.

# US District Court Civil Docket

## U.S. District - Tennessee Western
### (Memphis)

## 2:07cv2514

## Anderson et al v. Pepsi Co, Inc et al

This case was retrieved from the court on Thursday, September 27, 2007

| | | | |
|---|---|---|---|
| Date Filed: | 08/06/2007 | Class Code: | |
| Assigned To: | Judge Bernice B Donald | Closed: | no |
| Referred To: | Magistrate Judge Diane K Vescovo | Statute: | 28:1441 |
| Nature of suit: | Fraud (370) | Jury Demand: | Both |
| Cause: | Petition for Removal- Fraud | Demand Amount: | $0 |
| Lead Docket: | None | NOS Description: | Fraud |
| Other Docket: | Circuit Court of Shelby County TN, CT-003860-07 | | |
| Jurisdiction: | Diversity | | |

| Litigants | Attorneys |
|---|---|
| Jimmy Moore<br>Miscellaneous | Jimmy Moore<br>[COR LD NTC]<br>CIRCUIT COURT, 30TH JUDICIAL DISTRICT<br>SHELBY COUNTY COURTHOUSE<br>140 ADAMS AVE.<br>RM. 224<br>MEMPHIS, TN 38103<br>901-576-4006<br>FAX: PROSE<br>PRO SE |
| Stacey Anderson on Behalf of Themselves And All Others Similiarly Situated<br>Plaintiff | Gina C Higgins<br>[COR LD NTC]<br>Stotts Higgins Johnson<br>1374 Madison Avenue<br>Memphis , TN  38104<br>USA<br>901-276-2500<br>Fax: 901-276-9317<br>Email: Ghiggins1@midsouth.rr.com<br><br>Ricky E Wilkins<br>[COR LD NTC]<br>Law Office of Ricky E Wilkins<br>Pembroke Square Building<br>119 S Main St<br>Ste 119<br>Memphis , TN  38103<br>USA<br>901-312-5574<br>Fax: 901-322-4451<br>Email: Rwilkins@wilkinslawoffice.com<br><br>Robert LJ Spence, Jr<br>[COR LD NTC]<br>Spencewalk, PLLC<br>One Commerce Square<br>Ste 2200<br>Memphis , TN  38103<br>USA<br>901-312-9160<br>Fax: 901-521-9550<br>Email: Rspence@spencewalk.com |

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email:  Sloy@wilkinslawoffice.com

Michael Gray on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Kaye Huddleston on Behalf of Themselves And All Others
Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Michael Jones on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Cheryl Carter on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]

Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Darryl Martin on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Yunna Griffin on Behalf of Themselves And All Others Similiarly
Situated

Gina C Higgins
[COR LD NTC]

Plaintiff

Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Arvis Clark on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building

119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Terrance Johnson on Behalf of Themselves And All Others
Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Latasha Johnson on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200

Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Linda Valentine on Behalf of Themselves And All Others Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Vinh LE on Behalf of Themselves And All Others Similiarly Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103

USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Terri Mansker on Behalf of Themselves And All Others Similarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Michael Aldridge on Behalf of Themselves And All Others Similiarly
Situated
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-

Fax: 901-276-9317
E-mail: Rwilkins@midsouth.rr.com

Ricky E Wilkins
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-312-5574
Fax: 901-322-4451
Email: Rwilkins@wilkinslawoffice.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
Pembroke Square Building
119 S Main St
Ste 119
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

All Plaintiffs
Plaintiff

Gina C Higgins
[COR LD NTC]
Stotts Higgins Johnson
1374 Madison Avenue
Memphis , TN  38104
USA
901-276-2500
Fax: 901-276-9317
Email: Ghiggins1@midsouth.rr.com

Robert LJ Spence, Jr
[COR LD NTC]
Spencewalk, PLLC
One Commerce Square
Ste 2200
Memphis , TN  38103
USA
901-312-9160
Fax: 901-521-9550
Email: Rspence@spencewalk.com

Sharon Harless Loy
[COR LD NTC]
Law Office of Ricky E Wilkins
119 S Main St
Ste 700
Memphis , TN  38103
USA
901-322-4450
Email: Sloy@wilkinslawoffice.com

Pepsi Co, Inc
Defendant

Buckner Wellford
[COR LD NTC]
Baker Donelson Bearman Caldwell & Berkowitz
First Tennessee Bank Building
165 Madison Ave
Ste 2000
Memphis , TN  38103
USA
901-526-2000
Fax: 901-577-4204

Email: Bwellford@bakerdonelson.com

Louis M Soloman
[COR LD NTC]
Proskauer Rose LLP
1585 Broadway
New York , NY  10036
USA
212-969-3200
Fax: 212-969-2900
Email: Lsolomon@proskauer.com

Michael S Lazaroff
[COR LD NTC]
Proskauer Rose LLP
1585 Broadway
New York , NY  10036
USA
212-969-3000
Fax: 212-969-2900
Email: Mlazaroff@proskauer.com

W Michael Richards
[COR LD NTC]
Baker Donelson Bearman Caldwell & Berkowitz
First Tennessee Bank Building
165 Madison Ave
Ste 2000
Memphis , TN  38103
USA
901-526-2000
Fax: 901-577-2303
Email: Mrichards@bakerdonelson.com

The Coca Cola Company, Inc
Defendant

Jef Feibelman
[COR LD NTC]
Burch Porter & Johnson
130 N Court Avenue
Memphis , TN  38103
USA
901-524-5000
Fax: 901-524-5024
Email: Jfeibelman@bpjlaw.com

Mary Alison Hale
[COR LD NTC]
Burch Porter & Johnson PLLC
130 N Court Ave
Memphis , TN  38103
USA
901-524-5144
Fax: 901-524-5024
Email: Mhale@bpjlaw.com

| Date | # | Proceeding Text |
|---|---|---|
| 08/06/2007 | 1 | NOTICE OF REMOVAL by Pepsi Co, Inc, The Coca Cola Company, Inc from Circuit Court of Shelby County TN, case number CT-003860-07. (Attachments: # 1 Civil Cover Sheet # 2 State Court Proceedings# 3 Judge's Card)(jml, ) Modified on 8/7/2007 (jml, )case filed by attorney's Buckner Wellford and Michael Richards----attorneys for defendants. (Entered: 08/06/2007) |
| 08/06/2007 | 2 | Case initiation fee: $ 350.00, receipt number M108879 (agj, ) (Entered: 08/07/2007) |
| 08/07/2007 | 3 | DOCKET NOTATION....NOTICE OF A CORRECTION....The nef in 07-2514 Notice of Removal reflects that Ricky Wilkins is the attorney whom filed the removal. However the removal was filed by the defendants attorney's Buckner Wellford and Michael Richards on 08/06/2007. If you have questions please call 901-495-1505. Thank you.(jml, ) (Entered: 08/07/2007) |
| 08/08/2007 | 4 | Proposed MOTION to Certify Class proposed order submitted by all plaintiffs. (Attachments: # 1 Memorandum Memorandum in Support of Motion# 2 Certificate of Consultation)(Loy, Sharon) Modified on 9/26/2007 (jml, ) unterming motion per SF/law clerk, termed in error by #38. (Entered: 08/08/2007) |
| 08/08/2007 | 5 | AFFIDAVIT re 4 Proposed MOTION to Certify Class proposed order submitted by All Plaintiffs. (Attachments: # 1 Resume of Ricky E. Wilkins# 2 Resume - Sharon H. Loy)(Loy, Sharon) (Entered: 08/08/2007) |
| 08/08/2007 | 6 | NOTICE by All Plaintiffs Notice of Appearance - Robert L.J. Spence, Jr. (Loy, Sharon) (Entered: 08/08/2007) |
| 08/08/2007 | 7 | NOTICE by All Plaintiffs Notice of Appearance - Gina C. Higgins (Loy, Sharon) (Entered: 08/08/2007) |
| 08/09/2007 | 8 | NOTICE of Appearance by Mary Alison Hale on behalf of The Coca Cola Company, Inc (Hale, Mary) (Entered: 08/09/2007) |

| 08/10/2007 | 9 | AMENDED COMPLAINT against all defendants all defendants., filed by all plaintiffs. (Loy, Sharon) (Entered: 08/10/2007) |
| 08/10/2007 | 10 | NOTICE by All Plaintiffs re 4 Proposed MOTION to Certify Class proposed order submitted Notice of Filing Plaintiffs' Affidavits (Attachments: # 1 Affidavit)(Loy, Sharon) (Entered: 08/10/2007) |
| 08/13/2007 | 11 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 7 Notice (Other) filed by All Plaintiffs,, 6 Notice (Other) filed by All Plaintiffs, has been filed. For future reference, please note that the proper ecf attorney signature should be reflected on this document(EX.: s/atty signature). Thank you. Filer is not required to resubmit document. (jml, ) (Entered: 08/13/2007) |
| 08/13/2007 | 12 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 10 Notice (Other) filed by All Plaintiffs, has been filed. For future reference, please note that the affidavits were submitted as attached documents, however they should have been submitted separately, receiving one document entry number. If you have questions please call at 901-495-1505. Thank you.. Filer is not required to resubmit document. (jml, ) (Entered: 08/13/2007) |
| 08/17/2007 | 13 | SETTING LETTER: Scheduling Conference set for 9/20/2007 09:30 AM in Courtroom 5 - Memphis before Magistrate Judge Diane K. Vescovo. Please email the proposed joint scheduling order to ECF_Judge_Vescovo@tnwd.uscourts.gov by Monday, September 17, 2007. If the order is approved and filed, the conference will be canceled.Please see Judge Vescovo's Rule 16(b) instructions and new form order at www.tnwd.uscourts.gov/judgevescovo.(crk) (Entered: 08/17/2007) |
| 08/20/2007 | 14 | MOTION to Dismiss by The Coca Cola Company, Inc. (Attachments: # 1 Memorandum # 2 Exhibit A - Standard of Identity, 21 C.F.R. 165.110# 3 Exhibit B - Express Preemption Provision - 21 U.S.C. 343-1# 4 Exhibit C - Proposed Rule# 5 Exhibit D - Final Rule)(Feibelman, Jef) (Entered: 08/20/2007) |
| 08/21/2007 | 15 | ORDER REFERRING MOTION: 4 Proposed MOTION to Certify Class proposed order submitted filed by Michael Jones, Michael Gray, Stacey Anderson, Kaye Huddleston, Cheryl Carter, Darryl Martin, Yunna Griffin, Arvis Clark, Terrance Johnson, Linda Valentine, Latasha Johnson, Vinh Le, Terri Mansker, Michael Aldridge. Signed by Judge Bernice B. Donald on 08/21/2007 (Donald, Bernice) (Entered: 08/21/2007) |
| 08/21/2007 | 16 | MOTION to Stay Proceedings Pending Ruling on Rule 12(b)(6) Motion, proposed order submitted by The Coca Cola Company, Inc. (Attachments: # 1 Certificate of Consultation # 2 Memorandum # 3 Exhibit A - Nichols case# 4 Exhibit B - Gorea case)(Feibelman, Jef) (Entered: 08/21/2007) |
| 08/23/2007 | 17 | MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification by Pepsi Co, Inc. (Wellford, Buckner) (Entered: 08/23/2007) |
| 08/23/2007 | 18 | MEMORANDUM in Support re 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification filed by Pepsi Co, Inc. (Attachments: # 1 # 2 # 3 # 4)(Wellford, Buckner) (Entered: 08/23/2007) |
| 08/23/2007 | 19 | CERTIFICATE of Counsel re 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification (Certificate of Consultation) by Buckner Wellford on behalf of Pepsi Co, Inc (Wellford, Buckner) (Entered: 08/23/2007) |
| 08/23/2007 | 21 | MOTION for Leave to Appear Pro Hac Vice as to Michael Lazaroff by Pepsi Co, Inc. PROPOSED ORDER SUBMITTED and FILING FEE PAID (Attachments: # 1 Certificate of Michael S. Lazaroff# 2 Filing Fee Receipt) (jml, ) Additional attachment(s) added on 8/27/2007 (jml, ). (Entered: 08/27/2007) |
| 08/23/2007 | 22 | MOTION for Leave to Appear Pro Hac Vice as to Solomon Louis by Pepsi Co, Inc. PROPOSED ORDER SUBMITTED and FILING FEE PAID (Attachments: # 1 Certificate of Good Standing# 2 Ceritificate of Solomon Louis # 3)Filing Fee receipt(jml, ) (Entered: 08/27/2007) |
| 08/24/2007 | 20 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification filed by Pepsi Co, Inc,, 18 Memorandum in Support of Motion filed by Pepsi Co, Inc,, 19 Certificate of Counsel, filed by Pepsi Co, Inc, has been filed. For future reference, please note that the memorandum and the certificate of consultation should have been submitted as attached documents to the motion, receiving one document entry number. All attached documents must be labeled with a brief description. Also the certificate of service page should be dated as well. Thank you and if you have questions please call 901-495-1505.. Filer is not required to resubmit document. (jml, ) (Entered: 08/24/2007) |
| 08/27/2007 | 23 | ORDER granting 17 Motion for Extension of Time to File Response/Reply re 17 MOTION for Extension of Time to File Response/Reply to Plaintiffs' Motion for Statewide Class Certification. Signed by Magistrate Judge Diane K. Vescovo on 8/27/2007. (Vescovo, Diane) (Entered: 08/27/2007) |
| 08/27/2007 | 24 | ORDER granting 22 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 08/07/2007. (Donald, Bernice) (Entered: 08/27/2007) |
| 08/27/2007 | 25 | ORDER granting 21 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 08/27/2007. (Donald, Bernice) (Entered: 08/27/2007) |
| 08/27/2007 | 26 | First MOTION to Dismiss First aAended Complaint by Pepsi Co, Inc. (Attachments: # 1 Memorandum Memorandum in support# 2 # 3 Exhibit # 4 Exhibit Exhibit 3# 5 Exhibit 4# 6 Exhibit Exhibit 5# 7 Exhibit Exhibit 6# 8 Exhibit Exhibit 7# 9 Exhibit Exhibit 8# 10 Exhibit Exhibit 9# 11 Exhibit Exhibit 10# 12 Exhibit Exhibit 11# 13 Exhibit Exhibit 12# 14 Exhibit Exhibit 13# 15 Exhibit Exhibit 14# 16 Exhibit Exhibit 15# 17 Exhibit Exhibit 16# 18 Exhibit Exhibit 17# 19 Exhibit Exhibit 18)(Richards, W.) (Entered: 08/27/2007) |
| 08/28/2007 | 27 | Notice of Correction to 26 First MOTION to Dismiss First aAended Complaint and Memorandum in support of Motion to Dismiss First Amended Complaint. (Attachments: # 1 Exhibit 1 21 CFR 165.110# 2 Exhibit 2 Scott v. Vanderbilt# 3 Exhibit 3 Cannon v. Gunnallen# 4 Exhibit 4 21 CFR 57076, 57087# 5 Exhibit 5 40 CFR 141.2# 6 Exhibit 6 60 Fed Reg 57076, 57103# 7 Exhibit 7 21 CFR 100.1# 8 Exhibit 8 60 Fed Reg 57075, 57120# 9 Exhibit 9 Copeland v. Northwest Airlines# 10 Exhibit 10 Fraker v. KFC Corporation# 11 Exhibit 11 Naifeh v. Valley Forge# 12 Exhibit 12 Lowe v. Gulf Coast# 13 Exhibit Samuals v Old Kent Bank# 14 Exhibit 14 Metropolitan v. Bell# 15 Exhibit 15 AGFA Photo v. Parham# 16 Exhibit 16 McKee Foods v. Pitney Bowes# 17 Exhibit 17 Priest v. Global Furniture# 18 Exhibit 18 In re Reciprocal of America Sales Practices litigation)(Richards, W.) |

|            |    | (Entered: 08/28/2007)                                                                                                                                                                                                                                                            |
|------------|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 09/07/2007 | 28 | MOTION to Stay (proposed Order submitted) by Pepsi Co, Inc. (Attachments: # 1 Memorandum of Law in Support of Defendant, Pepsico's Motion to Stay# 2 Certificate of Consultation of Pepsico)(Wellford, Buckner) (Entered: 09/07/2007)                                             |
| 09/07/2007 | 29 | RESPONSE to Motion re 14 MOTION to Dismiss filed by all plaintiffs. (Attachments: # 1 Exhibit Vermont Pure Holdings case)(Loy, Sharon) (Entered: 09/07/2007)                                                                                                                      |
| 09/07/2007 | 30 | RESPONSE to Motion re 16 MOTION to Stay Proceedings Pending Ruling on Rule 12(b)(6) Motion, proposed order submitted Proposed Order submitted to Judge Donald filed by all plaintiffs. (Loy, Sharon) (Entered: 09/07/2007)                                                        |
| 09/10/2007 | 31 | MOTION for Leave to Appear Pro Hac Vice as to Lawrence I. Weinstein by Pepsi Co, Inc. FILING FEE PAID and Proposed Order submitted. (Attachments: # 1 Certificate of Good Standing# 2 Cerificate of Lawrence I. Weinstein)(jml, ) Additional attachment(s) added on 9/13/2007 (jml, ). (Entered: 09/12/2007) |
| 09/12/2007 | 32 | Filing fee: $ 100, receipt number M109495 as to Lawrence I. Weinstein by Buckner Wellford. (jml, ) (Entered: 09/12/2007)                                                                                                                                                         |
| 09/13/2007 | 33 | MOTION for Leave to File Reply to Plaintiffs' Response to Motion to Dismiss (unopposed) (proposed order submitted) by The Coca Cola Company, Inc. (Hale, Mary) (Entered: 09/13/2007)                                                                                              |
| 09/14/2007 | 34 | ORDER granting 31 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 09/14/2007. (Donald, Bernice) (Entered: 09/14/2007)                                                                                                                              |
| 09/24/2007 | 35 | RESPONSE to Motion re 28 MOTION to Stay (proposed Order submitted) Proposed Order submitted to Judge Donald filed by all plaintiffs. (Loy, Sharon) (Entered: 09/24/2007)                                                                                                          |
| 09/24/2007 | 36 | SCHEDULING ORDER. Entry of this order cancels the scheduling conference set 9/24/2007. Signed by Magistrate Judge Diane K. Vescovo on 9/24/2007. (Vescovo, Diane) (Entered: 09/24/2007)                                                                                           |
| 09/24/2007 | 37 | Docket entry #36 was incorrectly entered into this case. The entry has been sealed from public view. (cas) (Entered: 09/24/2007)                                                                                                                                                 |
| 09/26/2007 | 38 | ORDER granting 4 Plaintiff's Motion to Certify State-Wide Class and Appointment of Lead Counsel. Signed by Judge Bernice B. Donald on 09/26/2007. (Donald, Bernice) (Entered: 09/26/2007)                                                                                         |
| 09/26/2007 | 39 | ORDER Vacating 38 Order on Motion to Certify Class. Signed by Judge Bernice B. Donald on 09/26/2007. (Donald, Bernice) Additional attachment(s) added on 9/26/2007 (jml, ). (Entered: 09/26/2007)                                                                                 |
| 09/26/2007 | 40 | To All Parties....#39 image has been updated and is now reflected on the docket(date reflected 1/4/2007). If you have questons please call 901-495-1505. (jml, ) (Entered: 09/26/2007)                                                                                            |

Copyright © 2007 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***