BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: PepsiCo, Inc., and
The Coca-Cola Co. Bottled Water
Marketing And Sales Practices            MDL Docket No. 1903
Litigation

## MEMORANDUM OF DEFENDANT PEPSI BOTTLING VENTURES LLC IN SUPPORT OF MOTION OF PEPSICO, INC. AND PEPSI BOTTLING GROUP FOR TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. §1407

Pepsi Bottling Ventures LLC ("PBV") respectfully submits this memorandum in support of the motion of Pepsico, Inc. ("PepsiCo") and the Pepsi Bottling Group ("PBG") (collectively, the "Moving Defendants"), pursuant to 28 U.S.C. § 1407, to consolidate for pre-trial purposes and to transfer to the Hon. Charles L. Brieant in the Southern District of New York, multiple putative consumer class action lawsuits that have been filed against PepsiCo, PBG, PBV and the Coca-Cola Company, Inc. ("Coca-Cola") (collectively, the "Defendants").

#1000786_1.DOC

## INTRODUCTION

PBV currently is named, together with PepsiCo and PBG, as a defendant in three related putative class actions that assert various claims related to the labeling of PepsiCo's *Aquafina* bottled water. Two of the cases are pending in White Plains, New York. A third case against the same defendants was filed in the United States District Court for the Eastern District of California after the date of the Moving Defendants' motion.[1] Similar actions (which do not name PBV) are pending against PepsiCo and Coca-Cola in Texas and Tennessee (all of the five pending actions are referred to collectively, hereinafter, as the "Actions").

PBV agrees with the Moving Defendants that transfer and consolidation of the Actions, currently scattered among four separate and geographically distant federal courts, for pretrial proceedings, including Rule 12 dispositive motions and, if necessary, class action discovery and class action briefing, would further the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.[2]

## ARGUMENT

I.   **Consolidation and Transfer of these Related Actions Will Promote the Goals of Section 1407.**

Consolidation of the Actions for pretrial purposes and transfer of the cases to a single court is appropriate and will promote the goals of 28 U.S.C. Section 1407. As explained in the Moving Defendants' memorandum, there is substantial overlap of defendants, factual allegations, claims and theories. Each of the Actions challenges the marketing, labeling and sale of PepsiCo's *Aquafina* bottled water. All of the Actions assert that the *Aquafina* label had the

---

[1] The California action is styled *Amanda Litschke, on behalf of herself and all others similarly situated, v. PepsiCo, Inc., The Pepsi Bottling Group, Inc. and Pepsi Bottling Ventures, LLC,* Case Number: 2:07-CV-02100-FCD-JFM.

[2] In filing this Response in support of transfer and consolidation, PBV fully reserves any and all defenses, including, but not limited to, defenses based on lack of plaintiffs' personal standing, lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service of process.

#1000786_1.DOC

2

tendency to mislead consumers because the label included the stylized graphic of a mountain and did not disclose that the water was sourced (prior to undergoing a rigorous purification process) from a public water system. Plaintiffs in the Tennessee and Texas actions assert similar claims related to the labeling and advertising of Coca-Cola's *Dasani* bottled water product. Each of the Actions gives rise to numerous similar defenses that have been, or are expected to be, raised by the Defendants, including defenses based on federal preemption and the failure to state, as a matter of law, any claim upon which relief can be granted.

Accordingly, PBV agrees with the Moving Defendants that each of the Actions raises certain common issues that can be managed most efficiently and consistently if the Actions are transferred to a single court for all pretrial proceedings.[3] Because the Actions share the same basic factual allegations, as well as similar legal theories, consolidation will allow the parties to coordinate the orderly briefing and determination of potentially dispositive legal motions and, if the cases are not dismissed, to coordinate class and merits discovery and other pre-trial proceedings without the duplication of effort and expense that would exist if the cases proceed on separate schedules and in separate courts. *See In Re General Motors Onstar Contract Litig.*, 2007 U.S. Dist. LEXIS 61585, *1 (JPML 8-17-2007) ("Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary."); *see also, In Re Schering Marketing and Sales Practices Litig.*, 2007 U.S. Dist. LEXIS 61588, *1 (JPML 8-16-2007).

---

[3] Notwithstanding the factual and legal similarities that support consolidation of the Actions for pretrial purposes, there are numerous individual issues with respect to the claims of putative class members that PBV contends make these Actions inappropriate for class treatment, including without limitation individual issues of reliance, causation and damages. PBV reserves all of its rights and defenses in the event that these Actions proceed to the class determination stage.

#1000786_1.DOC

Consolidation is particularly necessary to avoid potentially inconsistent pre-trial rulings. *See In re Maytag Corp. Neptune Washer Prods. Liab. Litig.,* 333 F.Supp 2d 1382, 1383 (J.P.M.L. 2004) (recognizing that consolidation was appropriate in order to prevent inconsistent pretrial rulings, especially with respect to jurisdictional matters). In this case, joint motions to dismiss have been filed by PepsiCo, PBG and PBV in the two actions pending in New York. Separate motions to dismiss have been filed on similar grounds by PepsiCo and Coca-Cola in the Tennessee action. Neither court has ruled on the pending motions. If the cases are not consolidated, there is a risk that the New York court and the Tennessee court could decide the pending motions differently, creating uncertainty and confusion with respect to the application of the different orders.

The fact that each of the Actions seeks class certification, four on behalf a putative nationwide class of consumers, further underscores the need for coordinated pretrial proceedings. Determination of the class issues by individual district courts increases the risk of inconsistent or potentially conflicting decisions. This risk is particularly acute where, as is in this litigation, there are multiple actions that seek relief on behalf of a single identical and overlapping class. This Panel has expressly recognized the importance of pretrial coordination and consolidation before a single judge in such circumstances in order to avoid duplicative and inconsistent class certification rulings. *See In re Cuisinart Food Processor Antitrust Litig.,* 506 F.Supp. 651, 655 (J.P.M.L. 1981); *see also In re Pfizer Inc. Sec., Derivative & "ERISA" Litig.,* 374 F.Supp.2d 1348, 1349 (J.P.M.L. 2005).

## II. The Southern District of New York Is An Appropriate Transferee Court for This Geographically Diverse Litigation.

The central factors that this Panel considers in making the determination of an appropriate forum are: (i) the location of the parties, witnesses and documents; (ii) the

#1000786_1.DOC

4

accessibility of the proposed transferee district to parties and witnesses; and (iii) the case loads of the proposed transferee district courts. *See In re Corn Derivatives Antitrust Litig.,* 486 F. Supp. 929, 931-932 (J.P.M.L. 1980). For the reasons set forth in the Moving Defendants' memorandum, the Southern District of New York is the forum that best satisfies the above requirements.

### A. A Material Number of the Parties and Witnesses are Located In or Near the Southern District of New York.

As discussed above and in the Moving Defendants' memorandum, each of the Actions names PepsiCo as a defendant, and all of the actions against PepsiCo, PBG and PBV are based on the same core set of facts concerning PepsiCo's marketing and labeling of *Aquafina* bottled water in the United States. PepsiCo's corporate headquarters is located in Purchase, New York, which is within the Southern District. One of the additional defendants, PBG is also located in New York, as are the named plaintiffs in the two New York cases. Thus, the location of a significant number of the parties, witnesses and documents are likely to be concentrated in and immediately around the Southern District of New York. While PBV's headquarters are located in Raleigh, North Carolina, PBV does business within the Southern District of New York and agrees with the Moving Defendants that New York is the most logical and appropriate transferee forum.

### B. The Southern District of New York Is Readily Accessible to Parties, Witnesses and Counsel.

This litigation involves actions that are scattered across the United States and that include plaintiffs on both coasts. The Moving Defendants have indicated that they believe the litigation is likely to expand to other forums. In litigation such as this, there are real benefits to consolidation in a forum that has frequent commercial airline flights and is readily accessible

from any point in the country. This panel has recognized these benefits and consistently factored them into its consolidation decisions. *See, e.g., In Re Long-Distance Tel. Svc. Fed. Excise Tax Rf. Litig.*, 469 F. Supp. 2d 1348, 1350 (JPML 2006) ("vicinity provides an easily accessible location"). It has further recognized that New York provides just such a geographically accessible and convenient forum, with three major international airports in the New York area and non-stop service available to most major metropolitan areas around the country, including Nashville, Dallas, San Francisco and Raleigh. *See, e.g., In re Rhodia S.A. Secs. Litig.*, 398 F.Supp.2d 1359, 1360 (J.P.M.L. 2005) (finding that the Southern District of New York was an appropriate forum for transfer because it provided an "accessible, metropolitan location"); *In Re Amtel, Inc. Sec. Litig.*, 447 F. Supp. 466, 468 (J.P.M.L. 1978) ("inconvenience will be minimized in light of the geographical accessibility of New York City").

> C. **The Southern District of New York and Judge Brieant Are Well-Equipped to Accept Transfer.**

The subject matter of the Actions favors transfer to the Southern District of New York. These Actions present novel claims and theories involving a product (purified bottled water) that is highly regulated and that is subject to a comprehensive body of federal laws and regulations that Defendants contend completely preempt plaintiffs' various state-law claims. This type of litigation requires an experienced judge, like Judge Brieant, who can devote the time and resources required to manage it. In addition, apart from other complexities, if the cases were to proceed past a motion to dismiss, the putative class claims would raise numerous consumer behavior and reliance issues including, but not limited to:

- Whether a particular individual purchased purified bottled water from one or more of the Defendants;
- Whether the individual purchaser knew or understood that the original source of the purified bottled water was from a public water system;

#1000786_1.DOC

- Whether the buying behavior of any particular consumer was influenced by any representation (or omission) allegedly made by any Defendant; and

- Whether, if a particular individual had been aware that he was purchasing water that was sourced from a public water system before undergoing purification, that individual would still have purchased the Defendants' products.

The number and significance of the individual consumer behavioral issues raised by the putative class claims favor consolidation before a single district judge, like Judge Brieant, who has the resources necessary to develop these issues fully.[4]

## CONCLUSION

For the foregoing reasons, PBV respectfully requests that this Panel issue an Order transferring these actions pursuant to 28 U.S.C. § 1407 for pretrial coordination and consolidation to Judge Brieant of the Southern District of New York.

---

[4] This panel has consistently factored in the resources and experience available to the judge of the transferee court. *See, e.g., In re Bextra and Celebrex Prods. Liab. Litig.*, 2005 WL 2206577 at *2; *In re Paxil*, 296 F.Supp.2d at 1375; *In Re Rembrandt Tech., LP, Patent Litig.*, 493 F. Supp. 2d 1367, 1268 (JPML 6-18-2007); *In Re LLRice 601 Contamination Litig.*, 466 F. Supp. 2d 1351, 1352 (JPML 12-19-2006); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 290 F. Supp. 2d 1374, 1375 (N.D.Ill. 2003).

#1000786_1.DOC

This the 22nd day of October, 2007.

                                         Respectfully submitted,

                                         SMITH, ANDERSON, BLOUNT, DORSETT,
                                             MITCHELL & JERNIGAN, LLP

                                  By: _____
                                         Donald H. Tucker*
                                         James M. Parrott, V. (JP 5297)
                                         2500 Wachovia Capitol Center
                                         Raleigh, NC 27602
                                         (919) 821-6681
                                         *Attorneys for Defendants Pepsi Bottling*
                                         *Ventures LLC*
                                         *(admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

Donald H. Tucker, Jr., attorney for Defendant Pepsi Bottling Ventures LLC, hereby certifies that on **October 22, 2007**, a copy of the **Memorandum of Defendant Pepsi Bottling Ventures LLC in Support of Motion of PepsiCo., Inc. and Pepsi Bottling Group for Transfer and Consolidation Pursuant to 28 U.S.C. § 1407** was served via first-class mail, postage prepaid, on the persons identified on the attached Judicial Panel on Multidistrict Litigation – Panel Attorney Service List.

_____
Donald H. Tucker, Jr.

Docket: 1903 - IN RE: PepsiCo, Inc., and The Coca-Cola Co. Bottled Water Marketing and Sales Practices Litigation
Status: Pending on / /
Transferee District:          Judge:                                                            Printed on 10/12/200

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Cox, Jonathon<br>402 Main Street<br>3 South<br>Houston, TX 77002 | => Phone: (713) 752-2300<br>Alexander, Dasha; Banks, Kathy Jones; Banks, Richard; Banks, Wanda; Basile, Rosalind; Brewster, Mary; Byrd, Jonnie Mae; Hayes, Carolyn; Holts, Lawanda; Kelly, Regina; Townsend, Samantha; Villa, Christina; Walker, Linda; Williams, Emma |
| Feibelman, Jef<br>Burch, Porter & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103 | => Phone: (901) 524-5019  Fax: (901) 524-5024  Email: jfeibelman@bpjlaw.com<br>Coca-Cola Co.* |
| Lesser, Seth R.<br>Locks Law Firm, PLLC<br>110 East 55th Street<br>12th Floor<br>New York, NY 10022 | => Phone: (212) 838-3333  Fax: (212) 838-3735  Email: slesser@locklawny.com<br>Fielman, Brian* |
| Shkolnik, Hunter J.<br>Rheingold, Valet, Rheingold, Shkolnik & McCartney<br>113 East 37th Street<br>New York, NY 10016-3042 | => Phone: (212) 684-1880  Fax: (212) 689-8156  Email: hshkilnik@rheingoldlaw.com<br>Collado, Carmen |
| Solomon, Louis M.<br>Proskauer Rose, LLP<br>1585 Broadway<br>New York, NY 10036-8299 | => Phone: (212) 969-3000  Fax: (212) 969-2900  Email: lsolomon@proskauer.com<br>Pepsi Bottling Group, Inc. (The)*; PepsiCo, Inc.* |
| Tucker, Jr, Donald H.<br>Smith, Anderson, Blount, Dorsett, et al.<br>2500 Wachovia Capitol Center<br>P.O. Box 2611<br>Raleigh, NC 27601-2611 | => Phone: (919) 821-1220  Fax: (919) 821-6800  Email: dtucker@smithlaw.com<br>Pepsi Bottling Ventures, LLC* |
| Wilkins, Ricky E.<br>Law Offices of Ricky E. Wilkins<br>119 S. Main Street<br>Suite 500<br>Pembroke Square Bldg.<br>Memphis, TN 38103 | => Phone: (901) 322-4450  Fax: (901) 322-4451  Email: rwilkins@wilkinslawoffice.com<br>Aldridge, Michael*; Anderson, Stacey*; Carter, Cheryl*; Clark, Arvis*; Gray, Michael; Griffin, Yunna*; Hudkeston, Kaye*; Johnson, Latasha*; Johnson, Terrence*; Jones, Michael*; Le, Vinh*; Mansker, Terri*; Martin, Darryl*; Valentine, Linda* |

Note: Please refer to the report title page for complete report scope and key